[No 19344.   Department One.—April 25, 1894.]

HIRAM C. PIERCE, RESPONDENT, v. W. H. HILTON,
APPELLANT.

DISMISSAL OF ACTION—RES ADJUDICATA.—Where an action is dismissed by
the plaintiff of his own motion, and without the consent of the defend-
ant, the judgment entered upon the dismissal cannot be regarded as a
bar to another action for the same purpose.

APPEAL from. a judgment of the Superior Court of
Santa Barbara County.

The facts are stated in the opinion of the court.

B. F. Thomas, for Appellant.

Wright & Day, for Respondent.

HARRISON, J.—Ejectment for a tract of land in Santa
Barbara county, a portion of the Rancho Lomas de la
Purificacion. The plaintiff had judgment, and the de-
fendant has appealed directly from the judgment with-
out any bill of exceptions.

The defendant pleaded in his answer that the pre-
decessor of the plaintiff had commenced an action
against him to recover the same property on the 17th
of June, 1887; that summons was issued in said ac-
tion, and served upon him, and that, on the seventh
day of July, 1887, he filed his answer therein denying
every allegation in the complaint; that on the 23d of
July, 1888, the attorney for the plaintiff in said action
entered and signed a dismissal thereof upon the regis-
ter of actions kept by the clerk, and that thereafter,
October 3, 1891, the court, by its judgment, formally
dismissed said action. To this defense the plaintiff
demurred, and the court sustained the demurrer. The
defendant now contends that this was error, for the
reason that the judgment in the former action operated
as a bar to the prosecution of the present action, and
cites Merritt v. Campbell, 47 Cal. 542, in support thereof.
In that case, however, the judgment was rendered upon
agreement by the parties for the dismissal of the

cause, and that each should pay his own costs.    In the present case the action was dismissed by the plaintiff of his own motion, and without the consent of the defendant.    Under such circumstances the judgment entered upon the dismissal cannot be regarded as a bar to another action for the same purpose.    (*Parks* v. *Dunlap*, 86 Cal. 189.)    While the court held in *Merritt* v. *Campbell*, 47 Cal. 542, that the facts of that case authorized it to hold that the dismissal was a bar, it also qualified its ruling by saying: " We are not to be understood as holding that a mere dismissal of an action by the plaintiff under the statute, and without any agreement upon his part to do so, is to be held to constitute a bar to its renewal, nor that a judgment of nonsuit even, entered by consent, would have that effect, but only that a judgment of dismissal, when based upon an undertaking in pursuance of the agreement of the parties, must be understood, in the absence of any thing to the contrary expressed in the agreement, and contained in the judgment itself, to amount to such an adjustment of the merits of the controversy by the parties themselves through the judgment of the court as will constitute a defense to another action afterwards brought upon the same cause of action."

The judgment is affirmed

PATERSON, J., and GAROUTTE, J., concurred.