[Civ. No. 4480. First Appellate District, Division One.—February 26, 1925.]

BERTHA BELLE TOLLEY, Respondent, v. M. V. ENGERT et al., Defendants; PICKWICK STAGES, NORTHERN DIVISION et al., Appellants.

[1] NEGLIGENCE—PERSON KILLED BY AUTOMOBILE STAGE—DAMAGES—EMPLOYER AND EMPLOYEE—VERDICT—NEW TRIAL.—In an action against the owner of an automobile stage and the driver thereof, as its servant and employee, for damages for the death of a person due to the alleged careless and negligent operation of the stage, a new trial will be granted as to both defendants (who are before the court) where the verdict of the jury found in favor of the widow of the deceased and against the owner of the stage and exonerated the driver.

[2] ID.—MOTION FOR DIRECTED VERDICT—PROPER DENIAL OF.—In such action, the trial court was warranted in denying a motion for a directed verdict in favor of defendants.

(1) 39 C. J., p. 1367, n. 75.  (2) 39 C. J., p. 1368, n. 77 New.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Reversed.

The facts are stated in the opinion of the court.

J. E. McCurdy, Theodore Hale, Barry J. Colding and B. P. Gibbs for Appellants.

Franklin Swart and John H. Machado for Respondent.

CABANISS, P. J., *pro tem.*—This action was brought by Bertha Belle Tolley, widow, and the other plaintiffs, children, of Walter Ennor Tolley, deceased, to recover damages resulting from his death due to the alleged careless and negligent operation of an automobile stage owned by the defendant, Pickwick Stages, and driven by the defendant Engert, as its servant and employee. The complaint further alleges in substance that as deceased, mounted upon a bicycle, was passing southerly along the right-hand side of a public highway at or near its intersection with Santa Inez Avenue in the city of San Mateo, a passenger automobile stage driven by Engert was moving southerly, directly behind said decedent; and that thereupon the defendant Engert while driving the stage recklessly and at an unlawful rate of speed, attempted to pass decedent, who was struck, run upon and killed by the stage. The owner denies the negligence charge and also sets up contributory negligence. The verdict was in this form: "We, the Jury . . . find for the plaintiff, Bertha Belle Tolley, and against the defendant, Pickwick Stages . . . in the sum of One Thousand Dollars and we exonerate the driver, M. V. Engert."

This eccentric and self-stultifying verdict is the counterpart of one considered in *Bradley* v. *Rosenthal & Sunset Telephone Co.*, 154 Cal. 421 [129 Am. St. Rep. 171, 97 Pac. 876]. In his opinion, written in that case, Judge Henshaw approvingly quotes the following argument presented by appellant, Sunset Telephone Company: "Appellant argues that the evidence establishes without conflict that if it be responsible at all it is responsible solely because of the relationship of principal and agent found to exist between itself

and the co-defendant Rosenthal; that not one word of evidence tends to establish any direct personal participation, personal knowledge or personal culpability upon its part, or that its employee Rosenthal was in any way carrying out its express instructions in the particular matter for the doing of which negligence is charged; that under such circumstances the employer is liable only because of the rule of law which holds him responsible, as well for the undirected as for the directed act of the agent within the scope of his employment; that in such kind of cases where there have been no express instructions for the doing of the act complained of in the particular way, the principal and agent, master and servant, are not joint tort-feasors as the law employs that term. The employee's responsibility is primary. He is responsible because he committed the wrongful or negligent act. The employer's responsibility is secondary, in the sense that he has committed no moral wrong, but under the law is held accountable for his agent's conduct. While both may be sued in a single action, a verdict exonerating the agent, must necessarily exonerate the principal, since the verdict exonerating the agent is a declaration that he has done no wrong, and the principal cannot be responsible for the agent if the agent has committed no tort.''

Of this argument Judge Henshaw says: ''These legal propositions, it will be seen, receive universal recognition. Applying them to the present case, appellant argues that the verdict of the jury in favor of Rosenthal must be construed as their finding that he was not negligent and as the appellant could be responsible only because Rosenthal was its agent the judgment against it must be reversed, and upon the authority of *Doremus* v. *Root*, 23 Wash. 710 [63 Pac. 572], this court should order like judgment in favor of it.'' The opinion elaborates and indorses the above-quoted excerpts; and the order was that the judgment in favor of Rosenthal and that against the appellant (the employer) be reversed and the cause remanded for a new trial. [1] By parity of reasoning a new trial must be had in the instant case as to both defendants. This we may order because here as in *Bradley* v. *Rosenthal, supra,* both defend-

ants are before the court—the respondent in another action (*post,* p. 442 [235 Pac. 652]), having appealed from the verdict and judgment in favor of defendant Engert.

[2] As for the reasons above stated this action must be reversed, we will not consider appellant's contention that the court should have directed a verdict in favor of defendants, further than to say that the court was warranted in denying the motion.

The formal order is that judgment be reversed and the action remanded for a new trial.

Knight, J., and St. Sure, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 27, 1925.

All the Justices concurred, except Lennon, J., who dissented.