[Civ. No. 5462.   First Appellate District, Division One.—December 1, 1926.]

LOUIS BOSSE, Plaintiff, Appellant and Respondent, v. GEORGE T. MARYE, Jr., et al., Defendants and Respondents; RUDOLPH SPRECKELS, Defendant and Appellant.

[1] NEGLIGENCE—MOTOR VEHICLE ACT—LICENSE TO MINOR—LIABILITY OF PARENT—ACTION FOR DAMAGES—PARTIES—VERDICT.—The effect of the issuance of an operator's license to a minor upon the application of the parent, pursuant to the provisions of section 24 of the Motor Vehicle Act (Stats. 1919, p. 223), is to charge the parent with joint and several liability for actionable negli-

gence on the part of the minor while operating a motor vehicle on a public highway; and in an action for such negligence it is optional with the plaintiff whether he sues one or both for the tort committed, and where he sues both the failure of the jury to find a verdict as to the minor does not absolve the parent or nullify the verdict against him and is not sufficient to demand a reversal of the judgment.

[2] Id. — Extent of Parent's Liability. — Under section 24 of the Motor Vehicle Act, the liability of a parent is not limited to negligent acts of the minor resulting from "driving" an automobile, but the statute employs the broader terms "operating or driving," showing a clear intention to include within such liability any negligent act which is the direct result of the privilege extended by the state to said minor under his or her operator's license to operate an automobile upon a public highway.

[3] Id.—Words and Phrases—To Drive—To Operate.—"To drive" means to impel the motion and quicken, whereas "to operate" means to direct and superintend.

[4] Id.—Entrusting Operation of Automobile to Another—Liability of Minor and Parent.—Where an automobile is being driven upon and operated over the public highway exclusively under the authority of the license granted to a minor, the fact that said minor temporarily entrusts the operation of the motor power of the automobile to another (who is not ·the holder of an operator's license) while she sits beside her will not relieve said minor of the responsibility for the negligent handling of the automobile; and such negligence is imputed to the parent or guardian who joined in the application of said minor for the license.

[5] Id.—Action for Damages—Compensation Received Under Workmen's Compensation Act — Evidence — Instructions. — In this action for damages for personal injuries suffered as the result of being struck by an automobile, defendant, contrary to the express provisions of the Workmen's Compensation Act, having · elicited testimony relating to the amount of compensation plaintiff received under the provision of said act, the trial court did not err in giving instructions relating thereto; and where the instruction given by the court of its own motion with reference to defendant's liability was favorable to defendant, such instruction, if erroneous, was not prejudicial to defendant.

[6] Id.—Pedestrian Crossing Road—Contributory Negligence—Instructions.—In such action, the accident having happened upon a country road with no established crosswalks and carrying little traffic, the trial court did not err in refusing defendant's requested instructions relating to the subject of contributory neg-

---

2.  See 20 Cal. Jur. 454.

ligence which were inapplicable to the facts, and which were taken from a case wherein the plaintiff was injured while attempting to cross the street in the middle of the block, in a congested business district, while the street was heavy with traffic, by taking a short cut at an acute angle and by a long diagonal, and was struck by an automobile and injured.

[7] ID.—ORDINARY CARE—DUTY OF PEDESTRIAN TO STOP, LOOK, AND LISTEN.—Ordinary care, or its opposite, neglect, are not absolute terms, but they have reference to times, places, and circumstances; and there is no positive duty on the part of pedestrians about to cross a street to stop, look, and listen, but the question of negligence, under the usual rule of ordinary care that devolves on pedestrians, must be examined and applied in the light of the attending circumstances.

[8] ID. — DAMAGES — EXCESSIVE VERDICT—EVIDENCE—APPEAL.—In this action for damages for personal injuries suffered as the result of being struck by an automobile, considering the amount of salary plaintiff had been receiving, his age, the nature and extent of his injuries, the time he was confined to the hospital, the pain and suffering he underwent, the degree of permanency of his disability, and the amount of the bills he had contracted by reason of his injuries, the appellate court could not say that the verdict for fifteen thousand dollars was so disproportionate as to justify the conclusion that the verdict was not the result of dispassionate discretion of the jury; in which event only may the verdict be set aside on appeal.

---

(1) 42 C. J., p. 1286, n. 93; 29 Cyc., p. 487, n. 19, p. 565, n. 69. (2) 42 C. J., p. 1130, n. 13. (3) 19 C. J., p. 765, n. 2 New; 29 Cyc., p. 1496, n. 41 New. (4) 42 C. J., p. 1075, n. 20, 21, p. 1077, n. 35, p. 1221, n. 96. (5) 4 C. J., p. 711, n. 45, p. 918, n. 42; 38 Cyc., p. 1624, n. 59. (6) 42 C. J., p. 1283, n. 24; 38 Cyc., p. 1619, n. 38. (7) 42 C. J., p. 1150, n. 98, p. 1268, n. 17; 29 Cyc., p. 428, n. 75. (8) 4 C. J., p. 872, n. 19; 17 C. J., p. 1091, n. 85, p. 1105, n. 56.

APPEALS from a judgment of the Superior Court of San Mateo County, from an order denying defendants' motion for judgment, notwithstanding the verdict, and from an order denying plaintiff's motion for judgment against certain defendants notwithstanding no verdict had been rendered as to them. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Ross & Ross for Defendant and Appellant.

---

7.  See 3 Cal. Jur. 882.

Rufus H. Kimball, Theodore Hale and J. E. McCurdy, for Plaintiff, Appellant and Respondent.

KNIGHT, J.—Three appeals are presented herein, two being taken by defendant Rudolph Spreckels against whom the judgment in the action was rendered, the other by plaintiff from an order made after verdict and prior to entry of judgment. The action was for damages on account of personal injuries suffered by plaintiff as a result of being struck by a roadster automobile occupied by Rudolph Spreckels' daughter Claudine and a companion named Helen Marye, each being seventeen years of age at the time of the accident. The automobile was being driven by Helen Marye, but was owned by Claudine Spreckels, her father being named in the certificate of registration as legal owner thereof.

The complaint was filed originally against Helen Marye and her parents, Mr. and Mrs. George T. Marye, Jr., but was afterward amended and by permission of the court Rudolph Spreckels and his daughter were brought in as additional parties defendant. The amended complaint charged in substance, among other things, that the accident was caused by the careless and negligent operation of said automobile by Miss Marye, who was driving the same pursuant to the invitation and with the permission of Miss Spreckels, who occupied the automobile jointly with Miss Marye, and remained in control thereof, and that at the time of the accident Miss Spreckels held a license to operate an automobile, granted to her upon the written application of her father.

The defendants have answered jointly, placing in issue all of the allegations above mentioned, and the action went to trial before a jury. A nonsuit was granted as to Mr. and Mrs. George T. Marye, Jr., but denied as to the remaining defendants. At the conclusion of the evidence motions for directed verdicts in favor of defendants were also denied. The cause was then submitted to the jury and it returned a verdict against the defendant Rudolph Spreckels for the sum of $15,000, but found no verdict as to his codefendants, Helen Marye and Claudine Spreckels. No request was made by any of the parties for a resubmission of the cause to the jury for further action, and the jury was thereupon discharged. The following morning, before judgment was entered, the defendant Rudolph Spreckels moved for the entry of judgment

in his favor and against the plaintiff, notwithstanding the verdict, but his motion was denied. At the same time plaintiff moved for the entry of judgment in his favor and against Helen Marye and Claudine Spreckels, notwithstanding that no verdict had been rendered as to either of them, which motion was likewise denied. Judgment was thereupon entered in accordance with the verdict, following which a motion for a new trial made on behalf of defendant Rudolph Spreckels was denied, and plaintiff's motion for a new trial as against the defendants Helen Marye and Claudine Spreckels was also denied. The defendant Rudolph Spreckels has appealed from the judgment; also from the order denying his motion for judgment in his favor, notwithstanding the verdict; and plaintiff has appealed from the order denying his motion for entry of judgment as against defendants Helen Marye and Claudine Spreckels, notwithstanding the failure of the jury to find a verdict as to them.

It appears from the evidence that the accident occurred on the evening of August 6, 1923, between 6 and 7 o'clock, while plaintiff was attempting to cross Florabunda Avenue near the stables of the Burlingame Country Club in Hillsborough, at which club plaintiff was employed as night clerk and watchman. Earlier in the day Miss Spreckels, accompanied by Miss Marye, drove to San Francisco and on the return trip invited Miss Marye to drive the car. After stopping at the Spreckels home in Burlingame, they proceeded on down Florabunda Avenue, intending to go to a candy store in Burlingame, but on the way there collided with plaintiff, severely injuring him. The testimony regarding the cause of the accident is conflicting, but the evidence adduced by plaintiff sufficiently shows that the automobile was being driven around a curve at an excessive rate of speed on the wrong side of the street, Miss Marye being at the wheel and Miss Spreckels sitting beside her. The evidence further shows that Miss Spreckels at that time held a state license to operate an automobile, granted on the application of her father.

The sole liability attached to defendant Rudolph Spreckels, who will be hereinafter referred to as appellant, is conceded by plaintiff to be a statutory one, incurred by reason of his having signed the application for the issuance to his daughter of a license, under the provision of section 24 of the Motor

Vehicle Act of this state, which provides that it shall be unlawful for any person to permit his or her child or ward to operate or drive a motor vehicle upon the public highway without having first obtained a license, as specified in said act, provided that the application of said minor for such license shall not be granted unless the parent or guardian shall have joined in the said application by signing the same; "and provided further that any negligence of a minor, so licensed, in operating or driving a motor vehicle upon the public highway, whether as chauffeur or operator, shall be imputed to the person or persons who shall have signed the application of such minor for said license, which person or persons shall be jointly and severally liable with such minor for any damages caused by such negligence." (Stats. 1919, p. 223.)

[1] Appellant contends that the failure of the jury to find a verdict against either Miss Marye or Miss Spreckels absolves him from responsibility, or at least is sufficient to demand a reversal of the judgment. With respect thereto he contends that the liability imposed upon him by the statute in question is a secondary one in that it holds him accountable only for the negligence of another, the measure of his liability being the same as that imposed upon a master in a case based upon the doctrine of *respondeat superior,* and that therefore he cannot be held responsible here for the alleged negligent acts of his daughter because there has been no verdict finding her to be negligent, citing as supporting cases *Fimple* v. *Southern Pac. Co.,* 38 Cal. App. 727 [177 Pac. 871], and *Bradley* v. *Rosenthal,* 154 Cal. 420 [129 Am. St. Rep. 171, 97 Pac. 875]; and to which might be added *Tolley* v. *Engert,* 71 Cal. App. 439 [235 Pac. 651]. In furtherance of his contention appellant argues that only in the cases of joint tort-feasors may the jury legally find a verdict against one defendant and omit to find against the other (*Benson* v. *Southern Pac. Co.,* 177 Cal. 777 [171 Pac. 948]); and that under neither the provisions of the statute hereinabove referred to nor the facts of this case as they were proved at the trial can he be held to be a joint tort-feasor, for the reason that the statute in terms holds him responsible only for imputed negligence, and the evidence shows without dispute that he was not an active participant in the action-

able negligence upon which plaintiff's cause of action is founded.

Assuming, as appellant contends, that his legal status under said statute is not that of a joint tort-feasor, but is analogous to that of a master in a case involving the application of the doctrine of *respondeat superior*, and that therefore his liability is merely secondary, still the cases relied upon by him are not in point, because in each of them the party primarily liable was exonerated by the verdict of the jury; while here the parties charged with primary liability were not exonerated, the jury having merely failed to return a verdict as to them. The verdicts of the juries in the cases cited by appellant were manifestly "self-stultifying," as was said in *Tolley* v. *Engert, supra,* and in the instant case if the jury by its verdict had exonerated either or both of those charged with direct responsibility for the accident, the verdict against appellant necessarily could not be upheld. But, as already shown, such is not the case.

The precise situation presented here has not been ruled upon in this state, so far as our attention has been called, the nearest approach to it being in cases of joint tort-feasors wherein it has been held that the failure to find a verdict as to one is not to be construed as an affirmative or as a negative finding as to the other upon the charge of negligence constituting the ground of the action. (*Benson* v. *Southern Pac. Co., supra; Rankin* v. *Central Pac. R. Co.,* 73 Cal. 93 [15 Pac. 57].) But the question has arisen and been directly passed upon contrary to appellant's contention in the case of *Melzner* v. *Raven Copper Co. and McPherson,* 47 Mont. 351 [132 Pac. 552]. There the action was against the principal and the agent, predicated solely upon the negligence of the agent named McPherson, plaintiff seeking to hold the principal responsible under the doctrine of *respondeat superior*. The verdict was against the principal, but silent as to McPherson, and the verdict was upheld, the court saying in part: "McPherson has not been acquitted of negligence, but the case as to him stands as though it had not been tried. This being true, it also follows that the failure of the jury to find as to McPherson cannot be seriously considered in the light of an irregularity in the proceedings by which the Raven Company (his principal) was prevented from having a fair trial. Even if it was an

irregularity in the sense of the statute on new trials, we do not see how the company was prejudiced by it; the company still has whatever right of action it ever had against McPherson. It never did have any absolute right to his presence as a defendant in this particular case. That was optional with the plaintiff. Had McPherson not been joined in the first instance, the cause would have proceeded without him, its merits would have been exactly the same, it would have been supported by substantially the same evidence, and the fairness of the trial wherever had would have been entirely unaffected. How, then, is it affected by the circumstance that no adjudication was made as to McPherson, who, though made a party, was not a necessary one?''

And so here. The effect of the issuance of the operator's license to Claudine Spreckels upon the application of appellant pursuant to the provision of the Motor Vehicle Act mentioned was to charge appellant with joint and several liability for actionable negligence on her part while operating a motor vehicle on a public highway. (*Idemoto* v. *Scheidecker*, 193 Cal. 653 [226 Pac. 922].) It was optional with plaintiff whether he sued one or both for the tort committed (*Fimble* v. *Southern Pac. Co.*, *supra*); but having sued both, appellant as principal was nevertheless liable severally. He had not the legal right to demand as a necessary party defendant the presence of the one for whose negligent acts the statute holds him accountable; and keeping in mind the fact that the doctrine of *respondeat superior* is founded largely upon the right of the principal to recover over from the agent in case the former be held liable (*Bradley* v. *Rosenthal, supra*), the omission of the jury herein to find against the persons primarily liable does not deprive appellant of the right mentioned if he chooses to exercise it. Therefore it seems clear that appellant has suffered no prejudice by the omission of the jury herein complained of.

It may be said in passing that the decision in *Melzner* v. *Raven Copper Co., supra*, is, to a certain extent, based upon an earlier case in that state, which appears to have been one of joint tort-feasors, but such fact does not affect the reasoning of the court therein by which it arrived at the conclusion above mentioned.

We find nothing in the case of *Doremus* v. *Root*, 23 Wash. 710 [54 L. R. A. 649, 63 Pac. 572], cited approvingly in

*Fimple* v. *Southern Pac. Co., supra,* which is at variance with the views expressed herein. In that case, it is true, the court used the expression "and no recovery can be had (in a case of *respondeat superior*) unless it be proved and *found by the jury* that the employee was negligent" (Italics ours), but the expression quoted was qualified by the next sentence, the court saying: "Stated in another way: if the employee who causes the injury is free from liability therefor, the employer must also be free from liability," indicating clearly that the court had in mind a verdict exonerating the agent, such as was rendered in that case, and not a situation where the jury failed to find a verdict at all as to the agent, which was the case here. Moreover, in a case of *respondeat superior,* a failure to find a verdict as to the employee does not "free" him from responsibility. He is still liable to his employer, in case the jury find against the employer; and if it were held essential to the recovery of a judgment against the employer, in a case of *respondeat superior,* that a verdict be first obtained against his employee, the injured party would be deprived entirely of his right to proceed against the employer upon the latter's several liability, which the Washington case expressly says he may do.

The question of appellant's waiver by reason of his failure to ask, at the time the jury returned its verdict, that it be sent out again to find upon the liability of the remaining defendants (*Benson* v. *Southern Pac. Co., supra*), becomes immaterial in view of the conclusion we have reached on the main issue.

For the foregoing reasons we are of the opinion that the failure of the jury to find a verdict as to appellant's codefendants does not nullify the verdict rendered against appellant.

[2] Appellant further contends that in no event can he be held responsible for plaintiff's injuries because it appears from the evidence without dispute that his daughter Claudine for whose negligence alone he was accountable was not driving said automobile at the time of the accident. The liability of a parent under the statute mentioned is not limited, however, to negligent acts of the minor resulting from "driving" an automobile, the statute employing the broader term "operating or driving," showing a clear intention to include

within such liability any negligent act which is the direct result of the privilege extended by the statute to said minor under his or her operator's license to operate an automobile upon a public highway. [3] "To drive" is defined as meaning, "to impel the motion and quicken"; whereas "to operate" means "to direct or superintend." (Century Dictionary.)

In speaking of the purpose and effect of this particular statute allowing minors to operate automobiles on public highways it was said in *Buelke* v. *Levenstadt*, 190 Cal. 684 [214 Pac. 42] : "The legislature has now declared that under a given state of facts a liability exists where none existed before. The right of action here provided for is, in effect, a modification of the common-law rule exempting a parent from liability for the torts of his minor child, joined with the other rule that a parent may become liable for an injury caused by the child, and made possible, and probable, through the parent's negligence. . . . "

[4] Under the law as declared by the provisions of the Motor Vehicle Act the operation of an automobile over and upon a public highway is unlawful at any time unless it is done under legal authority of an operator's license. On the day of the accident Miss Spreckels' automobile was being driven upon and operated over the public highway exclusively under the authority of the license granted to her, it being shown by the evidence that Miss Marye was not the holder of an operator's license; and while being so driven and operated, plaintiff was negligently struck by it and injured. The fact that Miss Spreckels may have temporarily entrusted the operation of the motive power of the automobile to Miss Marye while she sat beside her cannot be said to have relieved Miss Spreckels of the responsibility for the negligent handling of the automobile, because it was still legally under her control and was being driven and operated under the authority of her license.

In this respect we think the responsibility of a licensee is no different from that of an owner who turns over the wheel of his automobile temporarily to another, but continues to ride with the person entrusted with the driving. In such a case it is said: "Again, if the owner of an automobile lends his machine to another and on invitation becomes a passenger therein, in the absence of any agreement to the contrary, the

owner has the right, and, indeed, it is his duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of law. He cannot sit idly by and refrain from remonstrance, at least while knowing that the driver is thus endangering the lives of others. If he has the opportunity to restrain the driver and fails to take advantage of it, he should be held responsible for the consequences. This is the just view and it is supported by the authorities. The general rule is stated in 28 Cyc. 28, as follows: 'Where an injury is inflicted by the use or operation of a motor vehicle, upon the public highway the owner thereof is liable to respond in damages therefor, if the vehicle was being operated by such owner or was under his control. In all cases where the owner is present he will be responsible for injuries sustained by third persons, unless the operator disobeys instructions as the owner is in the law in control of the vehicle.' " (*Randolph* v. *Hunt,* 41 Cal. App. 739 [183 Pac. 358].) The same principle was applied in *Masterson* v. *Leonard,* 116 Wash. 551 [200 Pac. 320], cited approvingly in *Pope* v. *Halpern,* 193 Cal. 168 [223 Pac. 470]. And the liability of an owner under the circumstances above described is doubtless a primary one, as much so as that of a railroad company which permits its engineer to operate its trains under orders at an excessive rate of speed. (*Benson* v. *Southern Pac. Co., supra.*)

We therefore conclude that although not driving the automobile at the time of the accident, Miss Spreckels was nevertheless in control of its movements, and was operating the same over the highway under the authority of her license; and that being so, that she was primarily responsible jointly with Miss Marye for its negligent operation. If we are correct in this conclusion, it follows that her negligence was, under the statute, imputed to appellant, for which he became jointly and severally liable.

The trial court properly admitted in evidence the application of Claudine Spreckels for an operator's license, for the reason that the question of fact as to whether or not appellant had signed such application was directly put in issue by the pleadings.

We find no error in the giving or refusing to give instructions to the jury, such as calls for a reversal of the case.

[5] The instructions given by the court relating to the amount of compensation plaintiff received under the provisions of the Workmen's Compensation Act was justified in view of the fact that appellant, contrary to the express provisions of the act mentioned, elicited the testimony upon that subject, which testimony in the absence of the instruction complained of may have led the jury to the erroneous belief that plaintiff by this action was seeking a duplicate recovery of the amount received by him under the act mentioned. The instruction given by the court of its own motion with reference to appellant's liability was favorable to appellant, and, therefore, if erroneous, was not prejudicial. [6] Instructions XIX, XX, and XXII proposed by appellant, relating to the subject of contributory negligence, were properly refused, we think, because they were inapplicable to the facts of the instant case. Appellant states that they were copied word for word from the case of *Sheldon* v. *James*, 175 Cal. 474 [2 A. L. R. 1493, 166 Pac. 8], but the facts of that case show that plaintiff at the hour of 1 o'clock in the afternoon attempted to cross Powell Street in the middle of the block between Geary and O'Farrell Streets in San Francisco, a congested business district, while the street was heavy with traffic, by taking a short cut at an acute angle and by a long diagonal, and was struck by an automobile and injured. In the case before us, the street where the accident occurred was more of a country road with no established cross-walks and carrying little traffic. [7] As stated in the beginning of appellant's instruction XIX, "ordinary care, or its opposite, neglect, are not absolute terms, but they have reference to times, places, and circumstances," and, therefore, as was said in *Reaugh* v. *Cudahy Packing Co.*, 189 Cal. 335 [208 Pac. 125], there is "no positive duty on the part of pedestrians about to cross a street to stop, look, and listen, and that the question of negligence, under the usual rule of ordinary care that devolved on pedestrians, must be examined and applied in the light of all the attending circumstances."

[8] Finally, appellant urges that the verdict is excessive. Appellant's statement of plaintiff's injuries, as set forth in his brief (omitting the transcript references), is as follows: "The plaintiff was a night clerk and watchman for the Burlingame Country Club, receiving a salary of $85 per

month and of the age of 58 years.  In the accident he received a fracture of the right leg, a fracture of the left ankle, a dislocation of the head of the left arm bone at the shoulder, and a fracture of the right big toe.  He suffered shock with very much lowered blood pressure, weakened heart action, and contusions and black and blue areas of the face and along the left side of the body.  He underwent several operations and suffered a great deal of pain and suffering.  He was in the hospital from August 6, 1923, to January 27, 1924.  At the time of the trial he could not raise his left arm above the horizontal, that is, instead of having one hundred and eighty degrees of rotation of the shoulder, he had ninety, but he could bend his arm and with the shoulder girdle, could get around his neck and reach his tie and put his hand in his pocket.  From his injuries he then had a total disability for a year, probably fifty per cent disability for another year, and twenty-five per cent permanent disability.  The severe accident has shortened his life.  He contracted bills by reason of his injuries in the sum of $1,753 and two small drug bills.''

Accepting as correct appellant's narrative of the testimony relating to plaintiff's injuries we think it cannot be fairly said that the amount of damages awarded plaintiff is so disproportionate to the injuries sustained by him as to justify the conclusion that the verdict was not the result of the dispassionate discretion of the jury; in which event only may the verdict be set aside on appeal.  (*Morgan* v. *Southern Pac. Co.,* 95 Cal. 501 [30 Pac. 601].)

The judgment and order appealed from by the defendant, Rudolph Spreckels, are affirmed.  The order appealed from by plaintiff is also affirmed, plaintiff urging the appeal only in the event of a reversal of the judgment.

Tyler, P. J., and Campbell, J., *pro tem.,* concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 27, 1927.

Langdon, J., dissented.