[Civ. No. 6592. First Appellate District, Division Two.—March 4, 1929.]

WILLIAM A. SHIPPY, Respondent, v. PENINSULA RAPID TRANSIT COMPANY (a Corporation), Appellant.

368

John Ralph Wilson for Appellant.

Cyril Appel, Ivores R. Dains and Harry I. Stafford for Respondent.

NORTON, J., *pro tem.*—This action is for damages growing out of personal injuries sustained by the respondent, Shippy, in a collision between an automobile driven by him and a motor bus operated by appellant through its agent, the defendant Claus, in which respondent obtained a verdict and judgment against appellant.

The action is predicated upon the negligence of defendant Claus, who was the driver of the motor bus, appellant being liable, if at all, under the doctrine of *respondeat superior*.

During the trial respondent dismissed the action as to defendant Claus, the driver of the motor bus, the dismissal being in the usual form, signed by the plaintiff and his attorneys. This dismissal was first called to the attention of the trial court while the court was engaged in instructing the jury, at which time the court instructed the jury that the action had been dismissed as to defendant Claus. Appellant's contention on this appeal is that the dismissal of the action as to defendant Claus was in effect a statement that Claus was not guilty of negligence, freed him from liability on account of the accident, and amounted to such an exoneration as must necessarily exonerate his principal under the doctrine of *Bradley* v. *Rosenthal*, 154 Cal. 420 [129 Am. St. Rep. 171, 97 Pac. 875].

Assuming that the action of plaintiff had the effect to dismiss this action as to defendant Claus, it is our opinion that such dismissal was not a judgment of *res adjudicata* upon the facts. It was not so far as is shown by the record in pursuance of agreement with or consent of defendant Claus, nor was it an adjudication of the cause upon its

merits, and it, therefore, does not operate as a bar or estoppel to the maintenance of a subsequent action. (*Pierce* v. *Hilton,* 102 Cal. 276 [36 Pac. 595]; *Stoutenborough* v. *Board of Education,* 104 Cal. 664 [38 Pac. 409]; *Pyle* v. *Piercy,* 122 Cal. 383 [55 Pac. 141]; *Campanella* v. *Campanella,* 204 Cal. 515 [269 Pac. 433].)

■ Appellant urges that the law presumes the dismissal was made for a consideration by virtue of the provision of section 1614 of the Civil Code that "a written instrument is presumptive evidence of a consideration."

This section of the code is applicable to writings contractual in their nature which purport to express or carry out an agreement or meeting of the minds of the parties thereto, but not to a writing filed in court by a plaintiff in the process of the control and disposition of an action commenced by him. Appellant's contention amounts to the claim that every written dismissal of an action by plaintiff is presumptively a bar to the subsequent maintenance of the action, a proposition which is contrary to the settled practice and law of this state.

Defendant Claus was not a necessary party to the action. Appellant had not the legal right to compel his presence in the case, and had the action not been dismissed as to him would not have been injured had the jury failed to find a verdict as to him. (*Bosse* v. *Marye,* 80 Cal. App. 109 [250 Pac. 693].)

■ It is not the failure to obtain a judgment on the merits against the agent which releases the principal, but the exoneration of the agent by judgment on the merits.

■ The finding upon the facts that the agent has not been guilty of negligence precludes a judgment against the principal based on the negligence of the agent. (*Bosse* v. *Marye, supra.*)

■ In the present case respondent was under no legal obligation to maintain his action against Claus to judgment on the merits and appellant has suffered no prejudice by the dismissal nor been placed in any worse position than had the jury failed to render a verdict as to Claus. The record shows no release of defendant Claus and no judgment on the merits in his favor. Appellant has not been

deprived of its right to recover from its agent if it chooses to exercise it. Nor have its rights in any way been affected by the failure to retain its agent in the case to the conclusion of the trial, and it cannot complain of such failure.

██ Appellant further presents as error, which is claimed to justify a reversal of the judgment, the refusal of the trial court to give the following instruction:

"You are instructed that it is the law that when a collision occurs between two motor vehicles the driver who has the last clear opportunity to avoid the accident is considered solely responsible for the accident notwithstanding that the driver of the other vehicle has been guilty of negligence and if you find from the evidence in this case that the driver of defendant's motor bus had placed himself by reason of his negligence in a place of danger, yet if you further find that plaintiff was aware of this and that plaintiff in operating his automobile at the time of his injury could have avoided the accident by the use of ordinary care and that he failed to use such care, then your verdict should be for the defendant."

If this instruction be taken to present the rule known as "last clear chance" it is inapplicable in the present case. (*Dover* v. *Archambeault*, 57 Cal. App. 659 [208 Pac. 178].)

██ If it is to be taken merely as an instruction that plaintiff was responsible for the collision if, realizing that there was danger of a collision, he could with reasonable care have avoided it, refusal to give this instruction was not, in view of other instructions given by the trial court, prejudicial to the appellant. The jury was fully and clearly instructed not only as to the law controlling drivers approaching the interesection of two streets, but also in reference to want of ordinary care on the part of the respondent. In our opinion the instructions of the court fairly and adequately presented the law as applicable to the facts in this case and that the judgment should be affirmed. It is so ordered.

Koford, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 2, 1929, and a peti-

tion by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 29, 1929.

All the Justices present concurred.