[Civ. No. 7074. First Appellate District, Division One.—June 4, 1930.]

ETTORE MABERTO et al., Respondents, v. MARK RAMBO WOLFE et al., Defendants; J. W. DEES, Appellant.

Cooley, Crowley & Gallagher, and Cooley & Crowley, for Appellant.

Paul F. Fratessa and Stanislaus A. Riley for Respondents.

CAMPBELL, J., *pro tem.*—On February 22, 1927, Benedetta Maberto (who will hereafter be referred to as respondent) was struck and injured by an automobile owned by appellant Dees and driven by defendant Wolfe. Respondent at the time she was struck was standing within the legally established safety zone on Market Street just west of Powell Street, in the city of San Francisco. She was knocked unconscious and sustained a fracture of the fingers of her left hand and other injuries. No complaint being made that the award of damages is excessive we will not refer further to her injuries.

There is but one question of fact concerning which a dispute arises, namely, was defendant driving the automobile for or on behalf of appellant Dees. Defendant Wolfe testified that on the morning of February 22d—the date of the accident—appellant called him on the telephone at Stockton and asked him to drive his (appellant's) car and take appellant's family from Stockton to San Francisco, that he did so and was driving the car at the time of the accident. Subsequently Wolfe spoke to appellant about it, and appellant informed him that there was no need for him to worry, that the car was insured and that if any trouble came up or any matter of liability, he would take care of it. Appellant denied that he communicated with Wolfe on the morning of February 22d. Wolfe, however, is corroborated concerning appellant having telephoned him on that morning by Miss

Craighead, a niece of defendant Wolfe, who received the call when Dees telephoned, and Mrs. Dees, appellant's wife, who testified that her husband called Wolfe on the telephone "in regard to this trip to San Francisco." At the time the accident occurred Mrs. Dees was giving the directions Wolfe should take in driving the car. The jury found a verdict in favor of plaintiffs and against defendant Dees in the sum of two thousand dollars, which verdict did not in any way mention defendant Wolfe, and from the judgment entered upon such verdict defendant Dees has appealed and urges the following objections: That the trial court erred in not directing a verdict in favor of the defendant J. W. Dees; that no relationship of principal and agent existed as between Wolfe and Dees; that the seventh instruction given to the jury was erroneous and materially prejudicial to the defendant, and that it was prejudicial error to allow in evidence the testimony of Wolfe relative to the fact that the defendant Dees had, or believed he had, a policy of insurance covering his car against public liability.

If defendant Wolfe were the agent of appellant, the court did not err in refusing to direct a verdict in favor of defendant Dees, as the evidence amply supports the conclusion that defendant Wolfe was operating the automobile at the time of the accident at the request and for the accommodation of defendant Dees. ▄ A verdict may only be directed when upon the whole evidence the court would be compelled to set a contrary verdict aside as unsupported by the evidence (*Estate of Caspar,* 172 Cal. 150 [155 Pac. 631]; *Duggan* v. *Forderer,* 79 Cal. App. 343 [249 Pac. 533]), giving opposing evidence all the value to which it is legally entitled and indulging every legitimate inference which may be drawn therefrom which would support a verdict contrary to the one directed (*California Packing Corp.* v. *Lopez,* 207 Cal. 600 [64 A. L. R. 1412, 279 Pac. 664]). Appellant, however, contends that no relationship of principal and agent, employer and employee, nor any other relationship that would render appellant responsible for the act or omission of defendant Wolfe has been established.

▄ It being conceded that appellant was the owner of the automobile driven by defendant Wolfe, the jury was warranted in drawing the inference therefrom that defendant Wolfe was operating the automobile as the agent of the

owner (*Maupin* v. *Solomon*, 41 Cal. App. 326 [183 Pac. 198]). Whether the evidence of ownership of the automobile raises a *prima facie* presumption of agency, as was held in *McWhirter* v. *Fuller*, 35 Cal. App. 288 [170 Pac. 417], *Randolph* v. *Hunt*, 41 Cal. App. 739 [183 Pac. 358], *Grantham* v. *Ordway*, 40 Cal. App. 758 [182 Pac. 73], and *Diercks* v. *Newsom*, 49 Cal. App. 789 [194 Pac. 518], cited by respondent, or merely raises a *prima facie* inference as was stated by the Supreme Court in its opinion denying a re hearing in *Maupin* v. *Solomon, supra,* is of no moment, as the testimony amply supports the conclusion that defendant Wolfe was driving the automobile at the request and for the accommodation of appellant Dees.

■ Appellant urges the nonapplicability of the doctrine of *respondeat superior* to the situation presented here and cites authorities in which such doctrine is considered. In the present case, however, appellant is held liable under the principle of *qui facit per alium facit per se.* The distinction in these doctrines is clearly expressed by the Supreme Court of South Carolina in *Sams* v. *Arthur*, 135 S. C. 123 [133 S. E. 205–207], wherein it is said: ''The principle *qui facit (per alium facit per se)* must not be confounded with that of *respondeat superior.* It is a common misconception to attribute the liability of a master for the delicts of his servant in every case to the principle of *respondeat superior.* The servant may cause injury in doing the very thing that the master directs him to do. In that case the master is held liable because the law holds that the act is that of the master although done through the servant, under the principle *qui facit per alium facit per se.* He is therefore held responsible for his own act. But, on the other hand, the servant may cause an injury while engaged within the line or scope of his employment in doing an act which the master has not directed him to do or has specifically directed him not to do. It is the act of the servant, not the master, and the latter is held responsible on grounds of public policy; the liability in such case being expressed by the phrase *respondeat superior.* The principle is entirely distinct from that of *qui facit* and owes its origin to an entirely different source; the one to public policy and the other to the fixed principle of law and justice.''

■ Appellant complains of the following instruction: "If you find from the evidence in this case that at the time and place mentioned in the pleadings herein, and also in these instructions, the defendant Mark Rambo Wolfe was driving the automobile of defendant W. J. Dees at the request of said W. J. Dees, and for the purpose of said W. J. Dees, then in such event W. J. Dees is liable for all damages, if any, inflicted by said defendant, Mark Rambo Wolfe, in the driving of said car, even though said W. J. Dees was not then and there present at the scene of the accident." This instruction deals with the agency of Wolfe, which arose from the fact that Wolfe at the time of the accident was driving the automobile. The court had instructed the jury that "where an injury is inflicted upon one, without any fault of his own, which injury is proximately caused through the negligent and careless act of the other, a cause of action arises in favor of the person injured"; that if at the time and place in question defendant Wolfe was guilty of a violation of any municipal ordinance and if such violation was the proximate cause of the accident and injuries and if plaintiff was not guilty of contributory negligence, and if defendant Wolfe was driving the automobile at the request and on behalf of Dees, the jury should return a verdict in favor of plaintiffs. The next instruction deals with the ordinance in question and instructed the jury that its violation would constitute negligence *per se,* and then follows the instruction complained of. Following these are correct instructions on the burden of proof and preponderance of evidence, and an instruction in which the jury was instructed that before any liability could be fastened upon defendants, negligence must be shown. In the face of these instructions it cannot be said that the instruction complained of places an absolute obligation on appellant, as the owner of the car, for any damages or injuries inflicted by the driver regardless of the negligence of such driver. Nor can we see how the jury could have been misled in view of the other instructions given. The whole purpose of the instruction as distinguished from the other instructions was to show that the absence of Dees from the scene of the accident would not preclude the existence of the relationship of principal and agent and must have been so understood by the jury.

208 ██

██ As to appellant's assignment that the court erred in allowing reference to be made that appellant carried public liability insurance, it may be said that the facts in *James Stewart Co.* v. *Newby,* 266 Fed. 287, cited by appellant, are not analogous to those presented here. In that case persistent and repeated efforts were made by counsel for complainant to get before the jury the fact that defendant carried employer's protection by liability insurance, and while the jury was ultimately instructed to disregard such fact, it was not until the conclusion of the testimony that it was finally excluded. In the present case the objection made to the question asked of defendant Wolfe, whereby it was sought to elicit statements made by appellant Dees tending to show acknowledgment of his liability was: "These things that took place after the accident are not within the scope of the accident, and it is immaterial"—and again: "I am not objecting to him telling what conversation he had relative to the accident, but I am objecting strenuously to bringing in this testimony as to what would be the best thing to do, and what their legal liability would be. Those are questions that do not concern this case at all, and what Mr. Fratessa said he would do." The court—with respect to the question of appellant being insured—stated: "So far as the reference to the insurance carried, the court and the jury have nothing to do with that. It is only the relation that existed between Mr. Dees and Mr. Wolfe, as to whether or not Mr. Dees did secure the services of Mr. Wolfe in driving to San Francisco." After some discussion the witness testified "that Dees told him that he was a policyholder on the car, that if there was any trouble come up or any matter of liability, or anything, that he would take care of it"— and again: "He told me that, as he was a policyholder on the car, that if there was any trouble come up or any matter of liability, or anything, that he would take care of it. . . . "

If the objection was intended to and did go to the witness being permitted to state that appellant told him that he carried public liability insurance and would take care of any liability, it was not immaterial. The statement concerning the insurance being coupled with the statement "that he would take care of it," referring to the damages, tended to show an acknowledgment of his liability. As

was said in *McPhee* v. *Lavin,* 183 Cal. 264, 269 [191 Pac. 23, 25] : ''The errors of law assigned upon admission of testimony over defendant's objections and motions to strike so far as in any way suggestive of prejudice, arise upon the admission in evidence, as part of a conversation had with defendant, of defendant's declaration to plaintiff immediately after the collision that he carried accident insurance that would provide for plaintiff, if he had suffered injury. As this was admitted as tending to show an acknowledgment of responsibility by defendant for the accident, we think it was proper evidence.''

We do not agree with appellant in his final contention that the verdict—under· the facts here presented—is void for the reason ''that a verdict against a principal which exonerates the agent is a self-stultifying verdict and cannot stand,'' as the verdict does not exonerate defendant Wolfe, but merely is silent as to him. In *Bosse* v. *Marye,* 80 Cal. App. 109 [250 Pac. 693, 695], decided by this court and in which a petition for a hearing in the Supreme Court was denied, a situation similar in principle is presented. In that case Miss Spreckels and a companion, Miss Marye, each seventeen years of age, occupied a roadster owned by Miss Spreckels and being operated by Miss Marye. Rudolph Spreckels, the father, was named in the certificate as the legal owner and had signed the application of his minor daughter for an operator's license and thereby became liable for any negligence of his daughter in operating or driving a motor vehicle upon the public highway. The verdict was against defendant Rudolph Spreckels. No verdict was found as to either of the young women. The verdict was upheld by reason of defendant Spreckels having signed the application of his minor daughter for an operator's license. In that case it is said: ''The verdicts of the juries in the cases cited by appellant were manifestly 'self-stultifying,' as was said in *Tolley* v. *Engert* [71 Cal. App. 439, 235 Pac. 651], *supra,* and in the instant case if the jury by its verdict had exonerated either or both of those charged with direct responsibility for the accident, the verdict against appellant necessarily could not be upheld. But, as has already been shown, such is not the case. . . . We therefore conclude that although not driving the automobile at the time of the accident, Miss Spreckels was nevertheless

in control of its movements, and was operating the same over the highway under the authority of her license; and that being so, that she was primarily responsible jointly with Miss Marye for its negligent operation. If we are correct in this conclusion it follows that her negligence was, under the statute, imputed to appellant, for which he became jointly and severally liable." So in the present case, defendant Wolfe driving the automobile as directed by Dees for the purpose of conveying Dees' family from Stockton to San Francisco, the negligence of Wolfe was imputed to appellant Dees and made him jointly and severally liable, or as is said in *Sams* v. *Arthur, supra,* "the master is held liable because the law holds the act is that of the master, although done through the servant under the principle of *qui facit per alium facit per se.*"

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 25, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 31, 1930.