## 10685.

### DONALD vs. A. C. L. R. R. CO.

#### (108 S. E. 180)

1. MASTER AND SERVANT—NEGLIGENCE QUESTION FOR JURY.—In action for death of employee, where the· evidence 'to sustain the specifications of negligence was susceptible of more than one inference, the question of negligence was for the jury.

2. MASTER AND SERVANT—JUDGMENT FOR INJURIES TO SERVANT HELD PROPERLY ENTERED. ON VERDICT EXONERATING FELLOW SERVANT JOINED AS DEFENDANT.—In an action against ·a railroad· and one of its employees for death of another employee, an entry of a judgment·for the defendant employee on verdict exonerating him does

not require Court to grant judgment for the railroad found negligent where the evidence conclusively shows that agents and servants of the railroad other than the one joined as defendant are guilty of negligence contributing as a proximate cause to the accident.

Before SEASE, J., Charleston, October, 1920.   Affirmed.

Action by Margaret T. Donald, as Administratrix of Michael J. Murphy, deceased, against Atlantic Coast Line Railroad Co.  Judgment for plaintiff and defendant appeals.

*Messrs. Rutledge, Hyde & Mann,* for appellant, cite: *Verdict should have been directed*:  94 S. C., 145; 72 S. C., 389; 76 S. C., 368; 78 S. C., 379; 81 S. C., 193; 106 S. C., 123; 106 S. C., 317.  *Verdict exonerates servant codefendant and no judgment should be entered against company*:  65 S. C., 341; 104 S. C., 266; 106 S. C., 20; 109 S. C., 145; 113 S. C., 522; 11 L. R. A., 352; 30 L. R. A., 404; 9 L. R. A., 880; 2 L. R. A., 764.

*Messrs. Logan & Grace* and *John I. Cosgrove,* for respondent, cite:  *Evidence to sustain specifications of negligence and nonsuit or directed verdict improper*:  108 S. C., 400; 100 S. C., 294; 97 S. C., 409; 86 S. C., 304; 60 S. C., 9; 100 S. C., 107; 106 S. C., 123; 105 S. C., 410. *Plaintiff charged negligence of company and of other servants besides co-defendant*:  104 S. C., 266; 106 S. C., 20; 111 S. C., 414; 114 S. C., 89; 114 S. C., 31.

August 1, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a judgment entered on a verdict for $5,000 in favor of plaintiff against defendant, as damages, by reason of the death of Michael J. Murphy, an employe of the defendant railroad company, due to injuries alleged to have been caused by the negligent and wanton acts of the defendant.   The cause was tried by Judge Sease

and a jury at the October term of Court, 1920, for Charleston County; at the trial his Honor eliminated from the jury the question of punitive damages.

The exceptions, three in number, raise the questions:

"First. Because the presiding Judge erred in refusing to grant the motion for a nonsuit, made upon the ground that the plaintiff had failed to prove by any sufficient testimony that the defendant railroad company was guilty of any act of negligence charged against it.

"Second. Because the presiding Judge erred in refusing to direct a verdict in favor of the defendant Railroad Company, made upon the ground that the only inference from the testimony is that before the engine was moved due warning was given to Mr. Murphy, if he was then under the engine, that the engine was about to be moved.

"Third. Because the presiding Judge erred in refusing to direct that judgment be entered in favor of the defendant Railroad Company, as well as the defendant Sheehan, upon the ground that the negligence claimed to be the basis of the recovery against the company was the negligence of the defendant Sheehan; and the jury having acquitted Sheehan of negligence, no verdict could properly stand, or judgment be entered thereon, against the defendant Railroad Company."

As to the exceptions alleging error in not granting a nonsuit or direction of a verdict, the plaintiff alleges as specifications of negligence:

"(a) By causing and allowing said engine No. 549 to move over the said Murphy while he was about the duties of his employment, so as to crush and mangle him.

"(b) In failing and omitting to see that the said Murphy, whose whole attention was directed upon the work which he was required to do and who was totally unaware of the terrible danger in which he was placed, got himself into a position of safety before moving said engine No. 549.

"(c) In failing and omitting to give the said Murphy any notice or warning that said engine was about to be moved, so that he would know what was going on.

"(d) In not causing and requiring and seeing that the said Murphy was in a place of safety before moving said engine, which said defendants knew that the said Murphy was busily engaged in repairing, and his whole mind and attention was directed to his work.

"(e) In causing and allowing the said Thomas J. Sheehan, who was a machinist, and unauthorized to do so, to move said engine and thus cause the death of the said Michael J. Murphy.

"(f) In failing and omitting to provide the said Murphy with a reasonably safe place to work by reason of the facts above set forth."

A reading of the evidence will determine in the affirmative that there was evidence to sustain some of the specifications of negligence, and that the evidence was susceptible of more than one inference, under a long line of decisions of this Court this fact automatically carries the case to the jury, and it would have been reversible error on the part of his Honor either to have granted a nonsuit or have directed a verdict as asked for.

The exceptions raising these questions are overruled.

Exception raising the third question is overruled on the ground the evidence shows that Sheehan was not the only agency by which the deceased was injured and died. The evidence conclusively shows that other agents and servants were in some manner careless and negligent, which in some manner contributed as a proximate cause of deceased's injury and death.

The testimony shows that Sheehan was not the sole agency that brought about deceased's death.

Judgment Affirmed.