[Civ. No. 10387. First Appellate District, Division One.—January 27, 1938.]

LIDIA STEFANUTO et al., Respondents, v. MARKET STREET RAILWAY COMPANY (a Corporation), Appellant.

William M. Abbott, Cyril Appel and Ivores R. Dains for Appellant.

J. A. Pardini and Joseph J. Sheehan for Respondents.

THE COURT.—An appeal from a judgment against defendant corporation. The action arose from injuries received by plaintiff Lidia Stefanuto, who fell from the rear step of a car operated by the corporation, the accident being caused by the sudden starting of the vehicle. Defendant Dolmseth was in the employ of the corporation as a conductor, and it was alleged that he and another—who was joined as a

fictitious defendant but not served with summons—were operating the car and that their negligence caused the damage. The allegation that Dolmseth was in charge of the car, together with those of negligence and damage, were denied. The cause was tried by a jury, which returned a verdict in favor of Dolmseth and against the corporation.

The latter contends that the judgment—which has become final in favor of its employee—exonerates it from liability.

According to Dolmseth's testimony he did not see the plaintiff on the occasion of her alleged injury; and he denied that any accident occurred on the car on which he was employed. The evidence clearly shows the fact of the accident and that plaintiff was injured, and plaintiff's husband identified Dolmseth as the conductor of the car. It was not alleged that Dolmseth was the person who had exclusive charge of the operation of the car; and the corporation, as one ground for its claim that no accident happened, sought to show that he was employed on a car other than the one upon which plaintiff was riding.

■ It is the rule that when recovery is sought against the principal and his agent based upon the negligence of the agent not directed or participated in by the principal, and for which the latter's responsibility is simply that cast upon him by reason of his relationship with his agent, a judgment in favor of the agent will relieve the principal of responsibility. (*Bradley* v. *Rosenthal,* 154 Cal. 420 [97 Pac. 875, 129 Am. St. Rep. 171].) ■ Here, however, the testimony as to Dolmseth's presence on the car was conflicting; he impliedly denied the fact; and although it was so testified the jury was not concluded thereby; and their conclusion to the contrary and that some other negligent agent was in charge is supported by the evidence. (*Timbrell* v. *Suburban Hospital, Inc.,* 4 Cal. (2d) 68, 71 [47 Pac. (2d) 737]. See, also, *Garrison* v. *Everett,* 112 Neb. 230 [199 N. W. 30]; *Donald* v. *Atlantic etc. Ry. Co.,* 117 S. C. 4 [108 S. E. 180]; *Lake Erie etc. Ry. Co.* v. *Reed,* 57 Ind. App. 65 [103 N. E. 127].)

We have also examined an instruction of which the corporation complains; but in view of the pleadings, the evidence and other instructions given we find nothing therein supporting the contention that the same was prejudicially erroneous.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 26, 1938, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 28, 1938.