[No. B058175. Second Dist., Div. Five. June 23, 1992.]

ARTURO PEREZ, Plaintiff and Respondent, v.
CITY OF HUNTINGTON PARK, Defendant and Appellant.

818

**COUNSEL**

Lynberg & Watkins, Norman J. Watkins, Peter B. Langford and S. Michelle Porter for Defendant and Appellant.

Ralph M. Monkarsh, Herbert Colden and Jerrold S. Gross for Plaintiff and Respondent.

**OPINION**

**ASHBY, Acting P. J.**—By nonjury trial plaintiff and respondent Arturo Perez recovered judgment of $16,491 for assault and battery against defendant and appellant City of Huntington Park. Respondent, a bystander, suffered injuries when he was battered by appellant's employee police officers,

acting in the scope of their employment, who were responding to a disturbance at respondent's apartment building. Appellant appeals, contending that in the circumstances of this case appellant cannot be held liable under the doctrine of respondeat superior. Rejecting this argument, we affirm.

In his complaint respondent named as defendants appellant and Does 1 through 10. By subsequent amendment respondent substituted four named police officers in place of defendants Doe 1 through Doe 4. The trial court rendered judgment in favor of the four named individuals but against appellant.

The court's statement of decision explained this result as follows: "1. Plaintiff, Arturo Perez (hereinafter Perez), did nothing to provoke the Huntington Park police who responded to a radio dispatch concerning an alleged fight on the street at Seville Street near Saturn in Huntington Park, in the early hours of December 26, 1987. [¶] 2. Several Huntington Park officers ascended the front staircase to the second floor landing of the apartment house at 6809 Seville where Perez resided with his mother, and which was managed by them. [¶] 3. Perez was standing on the staircase of the apartment house as the Huntington Park officers ascended the stairs and *was struck on the top of his head by one of the Huntington Park policemen* with a police baton when he asked 'what's happening?', and then *struck again across his hands by another Huntington Park policeman* with either a police baton or a flashlight. [¶] 4. As a result of his being struck, Perez sustained [substantial injuries to his head and hand and suffered medical expenses and temporary disability from employment]. . . . [¶] 8. *Perez could not identify the specific officer or officers who hit him on either the first or second occasion, and the court cannot determine with specificity which of the 3 or 4 officers who were at the scene, and who were up and down the stairs in question, hit him, but the court does find that two of such Huntington Park officers did in fact strike Perez, without any cause or provocation and that such use of force was unreasonable and unjustified.* [¶] 9. *The officers who struck Perez were Huntington Park police acting in their official capacity and were in the course and scope of their employment at the time.* [¶] 10. *The defendant, City of Huntington Park, is liable for the harm caused to Perez by its agent in the use of said unreasonable and unjustified force.*" (Italics added.)

## DISCUSSION

■ Appellant contends that the judgment in favor of the named officers precludes the judgment against appellant. Appellant cites the rule that where an employer's liability is based solely on the wrongful act of its employee,

under the doctrine of respondeat superior, a verdict which exonerates the employee necessarily exonerates the employer also. (*Freeman* v. *Churchill* (1947) 30 Cal.2d 453, 461 [183 P.2d 4]; 2 Witkin, Summary of Cal. Law (9th ed. 1987) Agency and Employment, § 116, p. 111; Rest.2d Agency, §§ 217A, 217B.)

■ The reason for this rule is that the employer's vicarious liability is based solely on the employee's wrongful act; the employer cannot be liable when the verdict in favor of the employee determines that the employee did no wrong. (*Bradley* v. *Rosenthal* (1908) 154 Cal. 420, 425 [97 P. 875] [" 'where the real actor (the employee) . . . is not guilty, it necessarily follows that the party for whom he acted cannot be' "]; *Hendriksen* v. *Young Men's Christian Assn.* (1959) 173 Cal.App.2d 764, 770 [344 P.2d 77] ["a verdict exonerating the agent is a declaration that the agent has done no wrong and necessarily exonerates the principal"]; *Davison* v. *Diamond Match Co.* (1935) 10 Cal.App.2d 218, 222 [51 P.2d 452]; *Will* v. *Southern Pacific Co.* (1941) 18 Cal.2d 468, 472 [116 P.2d 44]; 53 Am.Jur.2d, Master & Servant, § 406, pp. 413-414.)

■ In the unusual circumstances of this case the reason for the rule does not apply, and appellant was properly found liable notwithstanding that judgment was entered in favor of the four named officers.

■ A plaintiff seeking to hold an employer liable for injuries caused by employees acting within the scope of their employment is not required to name or join the employees as defendants. (*Golceff* v. *Sugarman* (1950) 36 Cal.2d 152, 154 [222 P.2d 665]; *Toney* v. *State of California* (1976) 54 Cal.App.3d 779, 788 [126 Cal.Rptr. 869]; *Shippy* v. *Peninsula Rapid Transit Co.* (1929) 97 Cal.App. 367, 370 [275 P. 515].)

■ The plaintiff may be unable to identify which employee committed the wrongful act, but this is not fatal to the employer's liability, if the evidence establishes that some employee in the scope of employment committed the wrongful act. In cases of governmental tort liability such as here, Government Code section 815.2, subdivision (a) provides, "A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against the employee or his personal representative." The legislative committee comment to this section, which is based on the report of the California Law Revision Commission, states, "Under this section, it will not be necessary in every case to identify the particular employee upon whose act the liability of the public entity is to be predicated. All that will be necessary will be to

show that some employee of the public entity tortiously inflicted the injury in the scope of his employment under circumstances where he would be personally liable." (Quoted in Deering's Cal. Codes Ann. foll. Gov. Code, § 815.2, p. 141; 4 Cal. Law Revision Com. Rep. (1963) p. 838.)

Even where the plaintiff names and joins a particular employee and the judgment is for that employee, a simultaneous judgment against the employer will be upheld if the evidence supports the conclusion that other uncharged employees committed the wrongful acts. (*Timbrell* v. *Suburban Hospital, Inc.* (1935) 4 Cal.2d 68, 70-71 [47 P.2d 737]; *Wills* v. *J. J. Newberry Co.* (1941) 43 Cal.App.2d 595, 602 [111 P.2d 346]; *Stefanuto* v. *Market St. Ry. Co.* (1938) 24 Cal.App.2d 565, 566 [75 P.2d 1089]; *Toney* v. *State of California, supra,* 54 Cal.App.3d at pp. 788-789.)

Appellant contends all these authorities are distinguishable because here respondent elected to name and join all of the four employee officers who could have been involved in assaulting respondent. Appellant contends that as to each individual officer, respondent failed to satisfy his burden of proof. Appellant contends that since judgment on the merits was entered in favor of each of the involved employees, appellant is relieved of liability.

This argument is not persuasive in light of the unique circumstances here. We do not have a general jury verdict that implies the jury found the employees did no wrong. (Cf. *Will* v. *Southern Pacific Co., supra,* 18 Cal.2d at p. 472 ["[b]y its verdict, the jury impliedly found that the railroad employees were not guilty of negligence"].) We are not confronted by fatally inconsistent jury verdicts in favor of the employee and against the employer. (Cf. *Tolley* v. *Engert* (1925) 71 Cal.App. 439, 440 [235 P. 651] [jury verdict, which found against the employer but expressly stated, " 'we exonerate' " the employee, held to be an "eccentric and self-stultifying verdict"].) We are not concerned with jury instructions designed to prevent a jury from rendering inconsistent verdicts.[1]

Here, we have a nonjury decision by the trial court which expressly explains (Code Civ. Proc., § 632) why the findings are not inconsistent in the circumstances of this case. The court found that two employees of appellant, acting in the scope of their employment, committed tortious acts which injured respondent. The only reason for judgment in favor of the named employees was that the court could not *identify which* two of the four employee defendants committed the acts. Morally, appellant should be liable

---

[1]Thus appellant's reliance on the particular wording of BAJI No. 13.03 is misplaced. That instruction tells a jury "if you determine that defendant (agent) is not liable, then you must find that defendant (principal) is not liable."

to respondent in these circumstances. The procedural fact that respondent named and joined the employees (but was unable at trial to identify them) should not be controlling, in light of the substantive finding that two of appellant's employees committed tortious acts.

■ "Exonerate" has two senses, the first being to relieve of a legal obligation and the second being to exculpate from blame.[2] The judgment here exonerated appellant's employees only in the first sense, not in the second. The judgment did not determine that no employee committed a wrong, therefore appellant should not be relieved of liability.

The judgment is affirmed. Respondent's request for sanctions for a frivolous appeal is denied.

Boren, J., and Grignon, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 2, 1992.

---

[2]Webster's Third New International Dictionary (1981) at page 797 defines "exonerate" to mean "to relieve esp. of a charge, obligation, or hardship . . . : clear from accusation or blame: exculpate."