**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE ZELAYA,<br><br>       Plaintiff - Appellant,<br><br>v.<br><br>COUNTY OF LOS ANGELES, a public entity; et al.,<br><br>       Defendants - Appellees. | No. 13-56698<br><br>D.C. No. 2:12-cv-07660-ABC-FFM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted December 8, 2015
Pasadena, California

Before: GOULD and BERZON, Circuit Judges, and STEEH,[**] Senior District Judge.

Plaintiff Jose Zelaya appeals summary judgment for defendants on his 42

U.S.C. § 1983 and state law claims for false arrest and assault and battery arising

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable George Caram Steeh III, Senior District Judge for the U.S. District Court for the Eastern District of Michigan, sitting by designation.

out of his arrest for child molestation.  We affirm in part and reverse in part.

1. Probable cause existed for Plaintiff's arrest for child molestation under California Penal Code § 288(c)(1) based on the specific and detailed accusations by Plaintiff's foster daughter, which the arresting officers investigated, and which her siblings stated she had reported to them.  *See John v. City of El Monte*, 515 F.3d 936, 940–41 (9th Cir. 2007).  That the arresting officers had contrary information as well from her relatives does not detract from the existence of probable cause.  *See, e.g., Ramirez v. City of Buena Park*, 560 F.3d 1012, 1023– 24 (9th Cir. 2009).  Thus, the district court properly granted summary judgment in favor of defendants Janet Ramirez, Ruben Macias, and Dana Chemintzer, on the § 1983 and state law false arrest claims.

2.  The individual Defendants are entitled to qualified immunity because there was no precedent forbidding the use of a child sexual assault victim's uncorroborated accusations to establish probable cause.  *See Stoot v. City of Everett*, 582 F.3d 910, 922 (9th Cir. 2009); *City of El Monte*, 515 F.3d at 940–41.  Reasonable officers could at least disagree as to the legality of the arrest.  *See Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per curium).

3.  Plaintiff waived the issue whether the arrest required exigent circumstances because it was in his home, as he did not raise it in the district court

2

and factual development would be necessary to resolve the issue. *United States v. Flores-Montano*, 424 F.3d 1044, 1047 (9th Cir. 2005) (per curium).

4. No *Monell* liability exists for the defendant County of Los Angeles ("County") based upon the false arrest claim. Probable cause existed for the arrest, and no unconstitutional policy or custom was the moving force behind the arrest. *See Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). No *Monell* liability exists for the County as to the assault and battery claim, as Plaintiff failed to establish that the County has an unconstitutional custom or policy of beating suspected child molesters. We reject Plaintiff's theory that the County ratified the conduct of the officers who allegedly assaulted him at the Twin Towers jail, as no evidence exists that a person with final policymaking authority approved the officers' conduct or adopted it as official policy. *See Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1253 (9th Cir. 2010); *Gillette v. Delmore*, 979 F.2d 1342, 1349–50 (9th Cir. 1992).

5. We reverse the summary judgment on the state law assault and battery claim against the County. Plaintiff's deposition testimony and affidavit regarding his alleged prison assault raised a triable issue of fact. Plaintiff is not required to identify his attackers by name in order to establish vicarious liability against the County. *See C.A. v. William S. Hart Union High Sch. Dist.*, 270 P.3d 699, 706 (Cal. 2012); *Perez v. City of Huntington Park*, 9 Cal. Rptr. 2d 258, 260–61(Cal. Ct.

3

App. 1992).

6.  Upon remand, having properly granted summary judgment on all federal claims, the district court, in its discretion, may decide whether or not to continue jurisdiction over the supplemental state law assault and battery claim, or dismiss it without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

For the reasons stated above, we affirm the district court's grant of summary judgment on the § 1983 claims and state law false arrest and imprisonment claim. We reverse the district court's grant of summary judgment for the County on the state law assault and battery claim.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**