Filed 2/9/16  Vicario v. Holguin CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

DAVID VICARIO,

    Plaintiff and Appellant,

v.

YOLANDA HOLGUIN et al.,

    Defendants and Respondents.

E061518

(Super.Ct.No. CIVRS901872)

OPINION

APPEAL from the Superior Court of San Bernardino County.  Janet M. Frangie, Judge.  Affirmed.

Law Offices of John R. Setlich, John R. Setlich and Joshua R. Edmondson for Plaintiff and Appellant.

Ritchie, Klinkert & McCallion, James E. Klinkert and Paul J. Gutierrez for Defendant and Respondent, Yolanda Holguin.

Bergkvist, Bergkvist & Carter and Richard J. Cowles for Defendant and Respondent, Mulhearn Realtors, Inc.

1

I

INTRODUCTION

Plaintiff and appellant, David Vicario, appeals a final judgment entered after the trial court granted two summary judgment motions brought by defendants and respondents Mulhearn[1] and Yolanda Holguin, a real estate broker and agent. Based on our independent review, we agree with the trial court's ruling that there are no material facts in dispute.[2] Holguin and Mulhearn had no direct or vicarious liability to Vicario. We affirm the judgment.

II

FACTUAL AND PROCEDURAL BACKGROUND

Our summary of the undisputed material facts is taken from Vicario's complaint and from the separate statements filed by the parties. Vicario only responded to Mulhearn's separate statement, not to Holguin's separate statement, which means that Vicario effectively conceded all the facts as set forth by Holguin.

Rancho Moreno, the subject property, is a 22-acre parcel owned and controlled by Louis and Richard Moreno and the Moreno estate (Moreno). The property was used as a rodeo, music, and entertainment venue. In a letter dated September 28, 2004, the City of

_____

[1] Prudential of California aka The Mulhearn Group aka Mulhearn Realtors, Inc.

[2] We acknowledge the deficiencies of Vicario's appellate briefing, as fully described in Holguin's respondent's brief. Nevertheless, we will decide the appeal for reasons of judicial efficiency.

Chino stated "fiestas will be a permitted land use." In May 2005, the property was appraised at $6.8 million, based on maximum attendance of 1,500 people.

In 2005, Moreno, represented by Holguin, agreed to sell Rancho Moreno "as is" to Vicario, who was represented by Cecelia Guillen. Vicario had experience as a real estate investor. Vicario planned to buy Rancho Moreno and sell it quickly for a profit but he also considered holding events on the property before he could resell it. Before the purchase was completed, Vicario leased the property for six months and held at least five events although he could not provide records of any profit or loss. Vicario admitted he conducted his own investigation of the property, including communicating with the City of Chino.

On March 10, 2006, the sale of Rancho Moreno closed for a total consideration of $6,240,426. Vicario was unclear and inconsistent about the source of funds for the purchase. He claimed he provided $1 million of his own money and he obtained $1.7 million from investors but he could not offer evidence to support those contentions. In his declaration, he stated the down payment of $900,000 came from investors. Guillen said Vicario used $800,000 of insurance proceeds from an automobile accident. Mulhearn contends Vicario stole the money from his uncle and later pleaded guilty to

3

felony grand theft from an elder or dependent adult.[3]

The sale of Rancho Moreno was structured with the Grasmere Trust receiving a first position deed of trust in the amount of $2,137,883.88, which included a prior debt with interest; a second position deed of trust going to Bristol Home Loan and Prudential California Realty in the amount of $619,106.38, representing real estate sales commissions; and a third position deed of trust going to Moreno in the amount of $3,042,750.22. Vicario made no payments and defaulted almost immediately.

Moreno, Bristol, and Grasmere all filed notices of default. Vicario filed two bankruptcies which delayed the foreclosures. In April 2007, Moreno conducted a trustee's sale and received title subject to the deeds of trust of Grasmere and Bristol.

In February 2009, Vicario filed a complaint against defendants, alleging causes of action for breach of contract, fraud, negligent misrepresentation, conspiracy to defraud, breach of fiduciary duty, and vicarious liability. Holguin filed for bankruptcy, which discharged all causes of action against her except for fraud.

Defendants Mulhearn and Holguin filed summary judgment motions. By not opposing Holguin's separate statement, Vicario failed to dispute the contention he did not rely upon defendants' representations when he purchased Rancho Moreno. Without providing evidence, Vicario claims he lost $1 million in future profits based on

---

[3] The appellate record includes Vicario's guilty plea on February 11, 2009, to elder theft of an amount over $150,000. (Pen. Code, §§ 368, subd. (d), and 12022.6, subd. (a).) The total amount owing by Vicario was $692,600.

4

misrepresentations made by Holguin about the permitted use of the property. Vicario's response to Mulhearn's separate statement does not effectively dispute any material facts.

At the hearing on Mulhearn's summary judgment motion, the court granted the motion: "First, and Third -- Sixth Causes of Action: There are no allegations against Mulhearn or Holguin in this Cause of Action. To the extent that any claim is alleged against Mulhearn, it is as the employer of Holguin. All of Holguin's claims have been discharged in bankruptcy except for the Second Cause of Action. Defendant Mulhearn is named specifically only in the Sixth Cause of Action. Moreover, the Fourth and Sixth Causes of Action are not independent cause[s] of action but theories/remedies. The employer cannot be held vicariously liable unless the employee is found responsible. *Lathrop v. Healthcare Partners Medical Group* (2004) 114 Cal.App.4th 1412.

"Second Cause of Action: There is no triable issue of fact as to any actual reliance by Plaintiff on any statement made by Holguin and, therefore, Mulhearn cannot be vicarious[ly] liable for any of her actions. Damages are also not established, a necessary element of the claim. [¶] There are no disputed facts."

The court also granted Holguin's summary judgment motion on all causes of action: "The parties agree in the Bankruptcy Court that the only viable cause of action remaining against Defendant Holguin is the Second Cause of Action. . . . [¶] . . . Plaintiff cannot establish reliance upon any representation made by Holguin. There are no disputed facts."

On April 9, 2015, the bankruptcy court dismissed Vicario's adversary complaint against Holguin for fraud.**4** No causes of action remain.

III

STANDARD OF REVIEW

On appeal from a summary judgment, the appellate court independently determines de novo whether a triable issue of material fact exists and whether the moving party is entitled to summary judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 254.) "As "'a corollary of the de novo review standard, the appellate court may affirm a summary judgment on any correct legal theory, as long as the parties had an adequate opportunity to address the theory in the trial court. [Citation.]" [Citation.]' (*California School of Culinary Arts v. Lujan* (2003) 112 Cal.App.4th 16, 22.)" (*Lujano v. County of Santa Barbara* (2010) 190 Cal.App.4th 801, 806.)

The trial court's rulings on evidentiary objections are reviewed under an abuse of discretion standard. (*Walker v. Countrywide Home Loans, Inc.* (2002) 98 Cal.App.4th 1158, 1168.) It is presumed on appeal that a judge has not relied on "irrelevant or incompetent evidence." (*Sambrano v. City of San Diego* (2001) 94 Cal.App.4th 225,

---

**4** We grant Mulhearn's request for judicial notice, filed June 1, 2015, of the bankruptcy order dismissing Vicario's adversary proceeding against Holguin.

235.)  Vicario's opening brief does not challenge any of the trial court's evidentiary rulings.

IV

DISCUSSION

Vicario argues that Mulhearn's purported vicarious liability survived Holguin's bankruptcy discharge and there are triable issues of material fact on the four causes of action for breach of contract, fraud, negligent misrepresentation, and breach of fiduciary duty.  We hold that Holguin—and, by extension, Mulhearn—has no liability to Vicario.

Under the doctrine of respondeat superior, the employer's liability is wholly derived from the liability of the employee.  The employer cannot be held vicariously liable unless the employee is found responsible.  (*Bradley v. Rosenthal* (1908) 154 Cal. 420, 425-427; *Shaw v. Hughes Aircraft Co.* (2000) 83 Cal.App.4th 1336, 1347; *Perez v. City of Huntington Park* (1992) 7 Cal.App.4th 817, 819-820.)  Vicarious liability is not based on fault.  Liability is imposed as a rule of policy, "a deliberate allocation of a risk," regardless of control or fault.  (*Hinman v. Westinghouse Elec. Co.* (1970) 2 Cal.3d 956, 959-960; *Perez v. Van Groningen & Sons, Inc.* (1986) 41 Cal.3d 962, 967.)

Based on the appellate record, Holguin has no liability; therefore, no liability exists for Mulhearn.  As part of the bankruptcy proceedings, Vicario stipulated that the only claim he could pursue against Holguin was for intentional fraud.  In his responsive separate statement, he admitted that fraud was his only remaining claim.  Therefore, fraud was the only cause of action that could be asserted against Holguin and Mulhearn.

7

A judgment on the merits favorable to an employee in an action by a third person for a tort of the employee is a bar to an action by the third person against the employer where the latter's asserted liability for the tort rests upon respondeat superior and not his independent tort. (*Jentick v. Pacific Gas & Electric Co.* (1941) 18 Cal.2d 117, 120.) A judgment entered upon a motion for summary judgment is a determination that there is no factual dispute and one party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c.) Such a judgment is as final and conclusive a determination of the merits as a judgment after trial. (C*olumbus Line, Inc. v. Gray Line Sight-Seeing Companies Associated, Inc.* (1981) 120 Cal.App.3d 622, 629.)

Vicario's reliance on the case of *Forsyth v. Jones* (1997) 57 Cal.App.4th 776, 780-781, is misplaced. In *Forsyth*, the plaintiff sought to impose liability against a liability insurer—not vicarious liability against an employer. (*Id.* at p. 779.) In *Boyer v. Jensen* (2005) 129 Cal.App.4th 62, 72-73, the court held that vicarious liability against an employer is different than an insurer's liability, discussing the different procedures under Insurance Code section 11580, subdivision (b), and Labor Code section 2802: "There are significant differences between an insurer and an employer/indemnitor. For example, '[u]nlike an insurer, the employer need not defend whenever there is a mere potential for liability.' [Citations.] In addition, insurers agree to compensate the insured for the consequences of his or her own negligence, whereas indemnitors generally do not. (See *Mel Clayton Ford v. Ford Motor Co.* (2002) 104 Cal.App.4th 46, 56, and 59-60.) More importantly, Labor Code section 2802 does not mandate that an action by an injured first

8

party must first be brought against the employee or that third parties may pursue the employer only after obtaining a judgment against the employee." (*Id.* at p. 73.) *Forsyth* is not applicable in determining the vicarious liability of Mulhearn.

Furthermore, the dismissal of Vicario's adversary complaint against Holguin effects a discharge of the fraud claim to the extent it existed after the summary judgment motion was granted: "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 50 I of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title." (11 U.S.C. § 727(b).) When the adversary complaint was dismissed, the fraud claim was discharged as a matter of law. (See 11 U.S.C. § 524; 11 U.S.C. § 727(b).) Since all causes of action against Holguin have been discharged, Vicario cannot take any further action to seek personal liability against her. (11 U.S.C. § 524(a)(2), (3).) The bankruptcy discharge bars Vicario from seeking to hold Mulhearn vicariously liable.

We do not need to address Vicario's three additional causes of action for breach of contract, negligent misrepresentation, and breach of fiduciary duty because he did not dispute that all these claims against Holguin were discharged and because he conceded all of the material facts identified by Holguin were not disputed by not filing an opposing

9

separate statement: "The summary judgment statute provides that, if either party fails to comply with the applicable separate statement requirement, that failure may in the court's discretion constitute a sufficient ground to decide the motion adversely to the offending party. (§ 437c, subd. (b)(1), (3).)" (*Parkview Villas Assn., Inc. v. State Farm Fire & Casualty Co.* (2005) 133 Cal.App.4th 1197, 1209; *Batarse v. Service Employees Internat. Union Local 1000* (2012) 209 Cal.App.4th 820, 828-830.)

V

DISPOSITION

Vicario did not demonstrate the existence of any disputed material facts. We affirm the summary judgment in favor of Mulhearn and Holguin and award them their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

10