Filed 6/2/26  J.R. v. L.A. Unified School Dist. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| J.R.,<br><br>        Plaintiff and Appellant,<br><br>        v.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT,<br><br>        Defendant and Respondent. | B341822<br><br>(Los Angeles County Super. Ct. No. 22STCV37608) |

APPEAL from the judgment of the Superior Court of Los Angeles County, Alison M. Mackenzie, Judge.  Affirmed.

J.R., in pro. per., for Plaintiff and Appellant.

Artiano Shinoff, Paul V. Carelli IV and Maurice A. Bumbu for Defendant and Respondent.

J.R. (J.R.) sued respondent Los Angeles Unified School District (LAUSD), alleging an LAUSD employee sexually abused him while he was a student in the district. The trial court granted LAUSD's summary judgment motion on the basis that J.R. had failed to name the district employee who knew or had reason to know of the alleged abuse. In so doing, the court interpreted Government Code section 815.2[1] and cases applying it as categorically requiring a plaintiff who seeks to hold a public entity vicariously liable for the actions of its employee to identify that employee by name. We interpret this authority as more broadly requiring identifying information about the employee sufficient for the jury to assess the plaintiff's claims. This may, but does not necessarily, require a plaintiff to identify the employee by name.

The court nevertheless reached the correct result. The record before us reflects that LAUSD met its initial burden on summary judgment, and that J.R.'s opposition evidence did not meet his burden. As to J.R.'s negligence claims, the opposition evidence did not include any identifying information about the LAUSD administrative or supervisory employees allegedly aware of the abuser's propensities. As to J.R.'s Penal Code section 11166 failure to report claim, the opposition evidence did not identify a mandated reporter with allegedly reasonable suspicion of J.R.'s abuse. The opposition evidence was thus insufficient to create a triable issue of fact as to LAUSD's vicarious liability for either the allegedly negligent failure of any LAUSD administrative or supervisory employee to protect J.R. or the alleged failure of any LAUSD mandated reporter to fulfill his or her Penal Code section 11166

---

[1] Unless otherwise indicated, all further statutory references are to the Government Code.

2

duty.  On this basis, summary judgment was correct.  Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Complaint

On December 1, 2022, J.R. sued LAUSD and its former employee, David Lott.  He alleged that, in 2005–2006, Lott was a teacher's assistant at George Washington Preparatory High School (George Washington), a school within LAUSD, where J.R. was an underage student.  J.R. alleged "that Lott oversaw the school[']s weightlifting club, and arranged bodybuilding photoshoots, where he would rub oil on [J.R.] and other students, as a pretext to fondle their genitals."  J.R. "further allege[d] that Lott sexually assaulted him."  J.R. asserted causes of action against LAUSD for negligent hiring, supervision, and retention of Lott, negligent supervision of a minor, and failure by a mandated reporter to report suspected child abuse as required by Penal Code section 11166.

### B.    Summary Judgment Briefing

LAUSD moved for summary judgment.  It contended J.R.'s negligence claims failed "because [he] [had] no evidence that any named supervisor or administrator at the school acted negligently in their hiring, supervision, or retention of Lott or failed to adequately supervise [J.R.]"  LAUSD further contended J.R. could not prove his failure to report abuse claim, because the evidence did not "show . . . that any named school employee knew or had a factual basis from which to reasonably suspect that any child had been abused by Lott."  LAUSD based both arguments on J.R.'s interrogatory response that "he never told any school officials about Lott's abuse," and that "there were no witnesses to the alleged sexual assault, other than [J.R.] and Lott."

3

Before filing his opposition, J.R. requested a continuance to gather additional evidence.  (See Code Civ. Proc., § 437c, subd. (h).)[2] J.R.'s request explained he had learned of another former George Washington student, later identified as a woman named K.D., suing LAUSD and alleging Lott sexually abused her.  The court granted the continuance.

Thereafter, J.R. obtained and supported his opposition with a declaration from K.D.  It appears from our limited record on appeal and the parties' briefing that J.R. had not identified K.D. as a source of relevant evidence before this point, nor had he offered any other evidence suggesting anyone had reported Lott's abuse to LAUSD.[3]

K.D. declared that, in 1989, Lott sexually assaulted her in the locker room.  She declared that she reported the assault to an English teacher named "Ms. Mason," a counselor, and an "unnamed school administrator."  J.R. argued, inter alia, that this reporting

---

[2] "If it appears from the affidavits submitted in opposition to a motion for summary judgment or summary adjudication, or both, that facts essential to justify opposition may exist but cannot, for reasons stated, be presented, the court shall deny the motion, order a continuance to permit affidavits to be obtained or discovery to be had, or make any other order as may be just." (Code Civ. Proc., § 437c, subd. (h).)

[3] The record on appeal does not include the parties' briefing on summary judgment.  Nor does the court's minute order ruling on the motion catalog the evidence offered by the parties, except that it discusses the K.D. declaration and references J.R.'s admission in discovery that he did not report the abuse and that no one witnessed it.  At the hearing, the court stated that, besides the K.D. declaration, "there [was] nothing else" provided "to establish a triable issue of fact of the vicarious liability."

4

put LAUSD administrative personnel sufficiently on notice of Lott's propensity to abuse.

### C.    Summary Judgment Hearing

During the hearing on the motion, J.R.'s counsel acknowledged that no evidence before the court identified an administrative or supervisory employee of LAUSD to whom K.D. allegedly reported her abuse or "the entire full name" of the teacher to which K.D. allegedly reported her abuse. J.R.'s counsel represented that he could obtain such evidence, because he had recently learned from LAUSD the identities of "the administrators and the teacher that K.D. described in her deposition." Defense counsel, however, did not provide these names, did not offer to do so in a written proffer, nor request a continuance or leave to offer additional evidence.

During the hearing, LAUSD described the K.D. declaration as from "a self interested litigant" and as "a hearsay document . . . from 1989." This triggered a colloquy between the court and counsel about whether, even if K.D. had identified a specific individual to whom she reported Lott's abuse, this could support a finding that LAUSD knew or should have known Lott was likely to abuse J.R. 16 years later. In this context, the court commented that the K.D. declaration seemed to address a "totally different time period[ ]. . . . [¶] . . . I don't know if there's case law on this. But it does seem[ ] at some point the time period makes a difference." The court further commented: "This issue of the temporal difference in time[,] maybe this is going to have to be litigated with the Court of Appeal[ ]. . . . [¶] . . . I just don't see how that can be enough to create a triable issue of fact on this idea that the vicarious liability for something that happened years and years and years later[,] . . . [¶] . . . it does seem too attenuated."

5

At the conclusion of the hearing, the court took the matter under submission.

### D.     Order Granting Summary Judgment

The court granted the motion in a written order issued later the same day.  The order did not rely on—or even reference—the temporal attenuation issue discussed at the hearing.  Nor did it rely on or reference LAUSD's critiques of the K.D. declaration as unreliable.  Rather, the court's order relied entirely on the lack of evidence identifying the specific employee for whose actions LAUSD was to be held vicariously liable.  The court concluded this prevented J.R. from proving his claims, citing *Munoz v. City of Union City* (2004) 120 Cal.App.4th 1077, 1113 (*Munoz*), disapproved of on unrelated grounds by *Hayes v. County of San Diego* (2013) 57 Cal.4th 622.  As to the negligence claims, which require an administrative or supervisory employee to have been negligent, the court noted the K.D. declaration contained no identifying information for such an LAUSD employee.  As to the Penal Code section 11166 cause of action, the court deemed K.D.'s identification of an English teacher, "Ms. Mason," insufficient without a first name.

The court entered judgment in LAUSD's favor, and J.R. appealed.[4]

---

[4] J.R. filed numerous motions to augment the record on appeal and requests for judicial notice, some of which we have already ruled on.  We rule on J.R.'s pending requests and motions in a separate order issued concurrently with this opinion.

# DISCUSSION

## A. Summary Judgment Legal Framework

The party moving for summary judgment bears the initial burden of making a prima facie showing that there is no triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*); see Code Civ. Proc., § 437c, subd. (c).) Only if that party makes such a showing does the burden shift to the opposing party to produce evidence to challenge the moving party's evidence. (*Aguilar, supra*, at p. 850; *Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 768 (*Saelzler*).) Where, as here, the moving party is a defendant, it may shift the burden by making an affirmative " ' "showing" that one or more elements of the cause of action cannot be established.' " (*Saelzler, supra*, at p. 768; *Wiener v. Southcoast Childcare Centers, Inc.* (2004) 32 Cal.4th 1138, 1142; see Code Civ. Proc., § 437c, subds. (o)(1)–(2) & (p)(1)–(2); *Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 355–356.)

Our review of a trial court's grant of summary judgment is de novo. (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037.) We therefore independently analyze the evidence in the record that was presented to the trial court, except that to which objections were properly sustained, under the same summary judgment legal framework applicable in the trial court. In so doing, "[w]e liberally construe the evidence in support of the party opposing summary judgment [citation], and assess whether the evidence would, if credited, permit the trier of fact to find in favor of the party opposing summary judgment under applicable legal standards." (*Loggins v. Kaiser Permanente Internat.* (2007) 151 Cal.App.4th 1102, 1109.)

7

## B. Applicable Principles of Vicarious Liability

### 1. *Vicarious Liability of School District When School Employee Sexually Molests a Student*

"[P]ublic entity tort liability is exclusively statutory." (*C.A. v. William S. Hart Union High School Dist.* (2012) 53 Cal.4th 861, 868 (*C.A.*), citing § 815.) Section 815.2 authorizes liability "for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative." (§ 815.2, subd. (a).)

When a teacher sexually assaults a student, the teacher is not acting within the scope of the teacher's employment, and a school district is not vicariously liable for that conduct. (See *John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 452.) School district personnel do, however, "owe students under their supervision a protective duty of ordinary care." (*C.A., supra,* 53 Cal.4th at p. 865.) Accordingly, "if individual [d]istrict employees responsible for . . . supervising teachers knew or should have known . . . that [a teacher] posed a reasonably foreseeable risk of harm to students under his supervision, . . . the employees owe[ ] a duty to protect the students from such harm." (*Virginia G. v. ABC Unified School Dist.* (1993) 15 Cal.App.4th 1848, 1855.) When an administrator or supervisor's breach of that duty results in a teacher sexually abusing a student, the school district may be vicariously liable for that breach. (See *C.A., supra,* at p. 878; *id.* at p. 879 ["public school district may be vicariously liable under section 815.2 for the negligence of administrators or supervisors

8

in hiring, supervising and retaining a school employee who sexually harasses and abuses a student"].)

Similarly, a district may be vicariously liable when a " 'mandated reporter' " employed by the district—such as a teacher or certain other school employees—fails to fulfill his or her Penal Code section 11166 duty to report child abuse to the police or county welfare department. (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 186; see *Doe v. Lawndale Elementary School Dist.* (2021) 72 Cal.App.5th 113, 138 (*Lawndale*).) That duty exists " 'whenever the mandated reporter, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows or reasonably suspects has been the victim of child abuse or neglect.' " (*B.H., supra*, at p. 186; see Pen. Code, § 11165.7.) "[A]n injured minor may bring a civil action where ' "a breach of the mandated reporter's duty to report child abuse" ' causes the minor's injuries." (*Lawndale, supra*, at p. 138; *B.H., supra*, at pp. 188–189, fn. 6.)

## 2. *Identifying the Employee for Whose Actions a Defendant Is Vicariously Liable*

In *C.A., supra*, 53 Cal.4th 861, our state Supreme Court held that, at least at the pleading stage, a plaintiff relying on a section 815.2 theory of vicarious liability need not identify the specific employee for whose actions the public entity is to be held vicariously liable. (*C.A., supra,* at p. 872.) The high court's reasoning in so holding focuses on the pleading as an early procedural stage. (*Ibid.*) The court specifically declined to determine whether a plaintiff can prevail *at trial* without naming the employee. (*Id.* at p. 872, fn. 5 [distinguishing *Munoz, supra*, 120 Cal.App.4th 1077 on this basis].)

9

In order to prove what section 815.2 requires, however—that a public employee engaged in tortious conduct while acting in the scope of his or her employment—a plaintiff necessarily must identify that employee with a level of specificity sufficient for the jury to assess those requirements.  We agree with J.R. that this does not necessarily require providing the employee's name.  (See Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (2012 ed.) foll. § 815.2, p. 240 ["it will not be necessary *in every case* to identify the particular employee upon whose act the liability of the public entity is to be predicated" (italics added)].)  It does, however, require some identifying information about the employee—at a minimum, the employee's role and/or job title.  Knowing the employee's role at the entity informs both the scope of his or her employment and what duties the employee owed (or did not owe) the plaintiff.

Citing *Perez v. City of Huntington Park* (1992) 7 Cal.App.4th 817, 820 (*Perez*), J.R. suggests a plaintiff can establish section 815.2 liability without providing the employee's name, and without identifying the employee in any way.  He relies on the following language from that decision, which echoes the legislative comment to section 815.2:  "The plaintiff may be unable to identify which employee committed the wrongful act, but this is not fatal to the employer's liability, *if the evidence establishes that some employee in the scope of employment committed the wrongful act*."  (*Perez, supra*, at p. 820, italics added; see Cal. Law Revision Com. com., 32 West's Ann. Gov. Code (2012 ed.) § 815.2, p. 240 ["[a]ll that will be necessary [under section 815.2] will be to show that some employee of the public entity tortiously inflicted the injury in the scope of his employment under circumstances where he would be personally liable"].)  But in order to prove "some employee [of the public entity

10

defendant] in the scope of employment committed the wrongful act" (*Perez, supra*, at p. 820), a plaintiff necessarily must provide identifying information about the employee sufficient to establish what the scope of his or her employment was, and whether the employee committed the wrongful conduct.

*Perez* does not provide an example to the contrary. Rather, in *Perez*, the plaintiff offered identifying information about—including the names of—four police officers, also named as defendants alongside the City. (*Perez, supra*, 7 Cal.App.4th at pp. 818–819.) The plaintiff offered evidence that these four specifically named officers repeatedly ascended and descended the stairs in plaintiff's building while responding to a dispatch call. (*Id.* at p. 819.) When the plaintiff, standing in the stairwell, asked what was going on, two officers struck him. (*Ibid.*) Neither the plaintiff nor the trial court could "determine with specificity which of the . . . officers who were at the scene, . . . hit [the plaintiff]." (*Ibid.*, italics omitted.) The court nevertheless found "that two of [them] . . . did in fact strike [the plaintiff] without any cause or provocation" and that whichever officers did so were "acting in their official capacity and were in the course and scope of their employment at the time." (*Ibid.*, italics omitted.) Under these circumstances, even though the plaintiff could not specifically identify which officer struck him, the identifying information plaintiff provided about the four officers was sufficient for the court to assess section 815.2 liability. (*Id.* at p. 820.) Accordingly, the Court of Appeal affirmed the court's judgment holding the City vicariously liable. (*Ibid.*)

In *Munoz, supra*, 120 Cal.App.4th 1077, by contrast, the plaintiff provided no information identifying the public employees for whose conduct plaintiffs sought to hold the City liable—neither their names, nor their titles, nor any other information. In this

11

context, *Munoz* notes that "[u]nless the employee is identified, the trier of fact will not be able to determine if the elements needed to assert vicarious liability have been proved. [Citation.] Thus, the doctrine [of vicarious liability] clearly contemplates that the negligent employee whose conduct is sought to be attributed to the employer at least be specifically identified, if not joined as a defendant." (*Id.* at p. 1113.) The plaintiff in *Munoz* failed to "specifically identif[y]" the allegedly negligent employees not because he failed to provide their names, but because he failed to provide any identifying information about them at all, preventing the court from assessing whether such employees had been negligent while acting within the scope of the employment.

### C.     J.R.'s Arguments

J.R. argues we must reverse summary judgment because the court incorrectly applied the law on vicarious liability of public entities, incorrectly applied the summary judgment burden-shifting framework, and failed to view the K.D. declaration in the light most favorable to him.[5] We disagree.

---

[5] These are the only arguments J.R. raises on appeal. In some of his motions to augment and requests for judicial notice, J.R. references (but does not attach) other evidence as well. (See, e.g., fn. 8, post.) He does not discuss this evidence in his briefing and, based on our limited record, the evidence was not presented to the court below.

In some of his motions to augment and requests for judicial notice, J.R. also accuses his trial counsel of failing to provide relevant evidence to the trial court. This issue is not before us on appeal—nor would we have a sufficient record to assess such a contention in any event. We thus do not consider, and express no opinion on, the actions of J.R.'s trial counsel.

### 1. *The Court Did Not Weigh Evidence or Create New Law*

J.R. makes several arguments that assume the court granted summary judgment on bases it did not. J.R. argues the court "imposed a temporal limitation on notice and vicarious liability" by concluding "evidence of prior notice was legally insufficient due to the passage of time" while "simultaneously acknowledging that no statute or case law articulates such a rule." He supports his argument with citations to the court's discussion of temporal attenuation during the hearing. But the court's order and stated reasoning for granting the motion never mentions these concepts, nor does its reasoning imply the court relied on them.

J.R. further argues the court improperly weighed the evidence. He contends the court disregarded the K.D. declaration as biased and unreliable hearsay, despite the lack of a sustained evidentiary objection. Nothing in the court's order suggests the court declined to consider the K.D. declaration. To the contrary, in its order, the court analyzed whether K.D.'s declared testimony, if found true, could create a triable issue of fact.

### 2. *LAUSD Met Its Initial Burden on Summary Judgment*

J.R. argues LAUSD did not meet its initial summary judgment burden, because it merely pointed to the lack of "additional corroborating evidence," rather than demonstrating J.R. did not have and could not reasonably obtain evidence to support his claims. (See *Aguilar, supra*, 25 Cal.4th at p. 854.)

J.R.'s negligence claim requires him to establish "a supervisory or administrative employee of the school district" knew or should have known that Lott was likely to sexually assault J.R. (*C.A., supra*, 53 Cal.4th at p. 865.) His Penal Code

13

section 11166 failure to report child abuse claim requires him to establish a mandated reporter employed by the district learned information supporting a "reasonable suspicion" that J.R. had been abused. (*Lawndale, supra,* 72 Cal.App.5th at pp. 139–140.) To establish J.R. could not prove these elements, LAUSD offered J.R,'s undisputed interrogatory responses that he never told anyone about Lott abusing him, and that the only individuals who knew about the abuse at the time would have been Lott and J.R. LAUSD's motion thus identified more than the mere absence of evidence to support an element of J.R.'s claims, and the burden shifted to J.R. The court correctly applied the summary judgment burden-shifting framework.

### 3. *J.R. Has Not Established That He Met His Burden in Opposing Summary Judgment*

The court rejected the K.D. declaration as insufficient to defeat LAUSD's summary judgment motion as to J.R.'s negligence claims, because it did not identify the name of any administrative or supervisory employee to whom K.D. reported Lott's abuse.[6]

Although section 815.2 does not necessarily require J.R. to provide the name of this employee, it does require him to provide identifying information sufficient for the jury to assess his claims.

---

[6] We need not opine on whether, as the court concluded below, the reference in the K.D. declaration to "Ms. Mason" the English teacher without providing the teacher's first name is an insufficient identification of a mandated reporter for purposes of J.R.'s Penal Code section 11166 claim. To the extent this was error, J.R. does not so argue in his appellate briefing. We thus also do not reach the issue of whether the failure of a mandated reporter to report K.D.'s abuse could provide a basis for a Penal Code section 11166 claim based on abuse J.R. suffered.

14

Nothing in the K.D. declaration reflects—or even supports a reasonable inference about—the roles or duties this administrative employee had at the school or his or her tenure there. Indeed, like the plaintiff in *Munoz* and unlike the plaintiffs in *Perez*, J.R. did not provide evidence supporting *any* identifying information about the employee. Absent additional evidence identifying which employee knew or had reason to know about Lott's alleged abuse of K.D., a trier of fact would have no basis for assessing whether, over 15 years later, LAUSD administrative personnel knew or should have known Lott posed a danger to J.R. (See, e.g., *Spinner v. American Broadcasting Companies, Inc.* (2013) 215 Cal.App.4th 172, 187 [summary judgment opposition could not establish triable question of fact as to knowledge using the "bare possibility of theoretical access [to the information many years earlier] premised on mere speculation"].) In the absence of such evidence, there is no triable question of fact as to whether an LAUSD administrative employee acted negligently in failing to protect J.R. from Lott.

J.R. has not argued, either below or on appeal, that other evidence before the court at summary judgment, besides the K.D. declaration, sufficiently identified an administrative or supervisory employee with knowledge of Lott's propensities.[7] Rather, he

_____

[7] In a September 2, 2025 motion, J.R. asked that we take judicial notice of his November 16, 2023 certified deposition transcript, which the motion describes as including testimony "directly identif[ying] an administrator with statutory reporting obligations under Penal Code [section] 11166"—namely, "Kim Bly, athletic director, . . . who personally observed abuse in the gymnasium when defendant Lott massaged [J.R.] in her presence." (Capitalization omitted.) He did not, however, provide this transcript or even an excerpt from it supporting

15

argues that, even if the evidence he presented at the motion hearing was insufficient, he could have obtained evidence to support his claims, and LAUSD failed to prove he could not.  He suggests he could have conducted further discovery, that K.D. might later remember additional information not contained in her declaration, and/or that a protective order restricted the evidence he could present in opposing summary judgment.  But the court could only rule based on the evidence before it, not evidence J.R. speculated he might later offer.  The court had already granted J.R. a continuance to gather additional evidence regarding K.D., resulting in J.R. offering the K.D. declaration.  J.R.'s counsel did not request another continuance or proffer the names of the LAUSD administrator and teacher counsel claimed to have recently learned of.  Nor does the record suggest the protective order restricted J.R. from disclosing additional information about K.D.'s reports.  Indeed, it is unclear how a protective order would have restricted J.R. from providing such evidence to the trial court in a sealed filing.[8]

---

his description of his testimony.  Nor does J.R. argue that this evidence was before the court at summary judgment.  (See *Monteleone v. Allstate Ins. Co.* (1996) 51 Cal.App.4th 509, 514 ["[a]ppellate review of summary judgment is limited to the facts presented in documents submitted to the trial court"].)

[8] On appeal, J.R. identifies categories of evidence he claims the protective order prevented him from presenting:  "sworn deposition testimony describing direct communications with the perpetrator, including admissions of misconduct; [¶] . . . detailed accounts of conduct occurring on campus, including photographic activity and physical contact; and [¶] . . . documentary evidence, including images produced during discovery."  Even assuming his failure to provide record support for this contention does not waive it (see *L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 620),

J.R. cites cases holding that a defendant seeking summary judgment must establish the plaintiff cannot reasonably obtain the necessary evidence to support his claims.  (See, e.g., *Aguilar, supra*, 25 Cal.4th at p. 854; *Saelzler, supra,* 25 Cal.4th at p. 768.)  But his authorities do not support the proposition inherent in J.R.'s argument:  That after the burden has shifted to a plaintiff opposing summary judgment, the plaintiff may avoid summary judgment by speculating about additional evidence he might be able to marshal.

"[C]onjecture and speculation" that he might have been able to obtain such evidence, if given more time, is "insufficient" to meet that burden.  (*Wiz Technology, Inc. v. Coopers & Lybrand* (2003) 106 Cal.App.4th 1, 11; see *ibid*. ["opposition to summary judgment will be deemed insufficient when it is essentially conclusionary, argumentative or based on conjecture and speculation"].)

As an appellate court, we have the task of assessing the arguments properly raised and the record the appellant presents us.  Unless the record and arguments before us reveal reversible error, we must affirm.  Here, they do not.

---

the materials he describes speak to whether abuse occurred, not whether an LAUSD administrative or supervisory employee had reason to know about or suspect it.  Thus, these materials would not have assisted him in opposing summary judgment in any event.

## DISPOSITION

The judgment is affirmed.  The parties shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


M. KIM, J.

18